# JANSSON v. LARSSON.

PATENTS; INTERFERENCE.

1. In an interference proceeding between an applicant and a patentee, where it appears that the patent was issued through inadvertence in the Patent Office while the application of the other party was pending, the fact of the issuance of the patent does not add to the burden of proof of the applicant.

2. Where in an interference proceeding it appeared that the junior applicant, after his original application became abandoned through oversight of his solicitor, filed a new application with the same drawings and specifications, and the same claims, with the exception of one, which was changed to avoid an objection which had been raised in the Patent Office; and that subsequently, a patent having been inadvertently issued to the senior party while the junior party's second application was pending, the latter brought about an interference, and for that purpose inserted certain claims of the patent,— it was *held* that he, the junior party, was not estopped to embody the claims of the senior party's patent. (Distinguishing *Bechman* v. *Wood*, 15 App. D. C. 484, and following *McBerty* v. *Cook*, 16 App. D. C. 133; *Luger* v. *Browning*, 21 App. D. C. 201; *Furman* v. *Dean*, 24 App. D. C. 277; and *Seeberger* v. *Dodge*, 24 App. D. C. 476.)

3. Wider range of cross-examination of a witness is allowable where he is a party to the proceeding than if he is not.

4. Refusal to suppress or exclude the deposition of a party to an interference because he declined, upon the advice of counsel, to answer certain general questions on cross-examination, although the questions should have been answered, will not be held to be reversible error, where the cross-examining counsel failed to point out the relevancy of the questions by stating what he expected to elicit, and the case is otherwise plainly made out.

5. In giving his deposition, a witness who is a party to the proceeding may, under advice of counsel, refuse to answer questions on cross-examination clearly showing an intention to elicit information relating to his business and that of his assignee, not relevant to the questions at issue.

6. Where J., the first to conceive an invention, does practically nothing between the date of his conception and the filing of his application, during which time L. conceives the invention and follows it diligently to actual reduction to practice in a satisfactory manner, more than four months before J. shows any activity, J. loses the benefit of his earlier conception through want of diligence in perfecting the invention, and L. is entitled to an award of priority.

No. 423.   Patent Appeals.   Submitted May 20, 1907.   Decided December 11, 1907.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.          *Affirmed.*

The facts are stated in the opinion.

*Mr. Frank T. Brown, Mr. Francis A. Hopkins,* and *Mr. Charles M. Nissen* for the appellant.

*Mr. Louis W. Southgate* and *Mr. Clifton V. Edwards* for the appellee.

Mr. Chief Justice Shepard delivered the opinion of the Court:

This is an interference case involving priority of invention of a mechanism for stopping a hydraulic plunger elevator at the upper and lower limits of its run independently of the opera- tor.

The following is the issue declared:

"1. In combination with an elevator car and a stop mechan- ism therefor, of a rope connected to run with the elevator car, and stationary means for causing a deflection of said rope to actuate said stop mechanism.

"2. In combination with an elevator car and a stop mechan- ism therefore, of a rope connected to run with the elevator car, and stationary means unattached to the rope for causing a grad- ual deflection of said rope to gradually actuate said stop mechan- ism.

"3. In combination with an elevator car and a stop mechanism therefor, of means for actuating said stop mechanism, a pair of running ropes for actuating said means, and means for caus- ing a deflection of one or the other of said ropes as the car ap- proaches the end of its run.

"4. In combination with an elevator car and a stop mechanism therefor, of means for actuating said stop mechanism, a pair of ropes connected to run with the elevator car for actuating said means, and means for causing a deflection of one or the other of said ropes as the car approaches the end of its run.

"5. In combination with an elevator car and a stop mechan- ism therefor, a pair of ropes connected to travel with the car, and means for causing a deflection of each of said ropes to actuate said stop mechanism."

Thure Larsson first filed an application on March 7, 1903, which became abandoned through oversight of his solicitor. He filed the application in interference on July 5, 1904. The drawings and specifications and all of the claims but one were copies of the former application. The change in the single claim was to avoid an objection that had been raised by the Examiner, Karl E. Ossian. Jansson's application was filed April 19, 1904, and patent issued to him December 13, 1904. Through inadvertance in the Patent Office the patent issued without regard to Larsson's application then pending. This interference was brought about by Larsson, who, for that purpose, inserted certain claims of the patent. The patent, having been issued under these circumstances, does not add to the burden of proof of the junior applicant.

The three tribunals of the Patent Office concurred in awarding priority to Larsson upon the testimony.

A preliminary question arose over the contention of Jansson that Larsson was estopped to embody the claims of the former's patent, under the principle enounced in *Bechman* v. *Wood,* 15 App. D. C. 484. We agree with the Commissioner that the facts do not bring the case within the principle, but are analogous to those in cases decided since *Bechman* v. *Wood.* *McBerty* v. *Cook,* 16 App. D. C. 133, 138; *Luger* v. *Browning,* 21 App. D. C. 201, 206; *Furman* v. *Dean,* 24 App. D. C. 277, 281; *Seeberger* v. *Dodge,* 24 App. D. C. 476, 483.

Another question earnestly pressed on the argument relates to the refusal of Larsson, upon the advice of counsel, to answer certain questions propounded on cross-examination. It is true, these questions related to whether other instalments of elevators had been made than those in Pittsburgh and Alleghany buildings, which Larsson relied on for reduction to practice. It is to be remembered that Larsson was a party to the proceedings; wherefore wider range of cross-examination was allowable. We think that the general question should have been answered. Then, if followed up by further questions clearly showing an intention to elicit information relating to the business of Larsson and his assignee, not relevant to the questions at issue, the

witness might well refuse to answer under the advice of counsel. As counsel for the appellant did not undertake to point out the relevancy of these questions by stating what he expected to elicit, and the case was otherwise so plainly made out, we do not think there was error in refusing to suppress or exclude the deposition.

The questions of the dates of conception of the invention by the respective parties, and its actual reduction to practice by Larson, were of fact exclusively. The tribunals of the Patent Office were unanimous in the conclusion, from the evidence, that Larsson conceived the invention as early as February 19, 1903, and reduced it to actual practice as early as November 14, 1903, by introducing it into elevators in several buildings. It is unnecessary to add anything to their satisfactory review of the evidence supporting that finding. We find nothing in it to justify a different conclusion. They also agreed in finding that Jansson conceived the invention as early as January 28, 1903. We agree with them, also, that Jansson lost the benefit of his earlier conception through want of diligence in seeking to perfect his invention. He did practically nothing during the fourteen months that elapsed between his conception and the filing of his application. Meanwhile Larsson had conceived the invention and followed it diligently to actual reduction to practice in a satisfactory manner, more than four months before Jansson showed any activity.

The decision is right, and will be affirmed; and this decision will be certified to the Commissioner of Patents. It is so ordered.                                    *Affirmed.*