243 F.2d 413
 70 A.L.R.2d 676, 100 U.S.App.D.C. 156
 Elsa W. DE WAGENKNECHT and N. V. Edmund Wagenknecht's Handel
Maatschappij, Appellants,
v.
Mrs. Hugo STINNES, Sr., also known as Mrs. Claere Hugo
Stinnes, Mrs. Clare Wagenknecht Stinnes and Clare
Hugo Stinnes-Wagenknecht, et al., Appellees.
Mrs. Hugo STINNES, Sr., also known as Mrs. Claere Hugo
Stinnes, Mrs. Clare Wagenknecht Stinnes and Clare
Hugo Stinnes-Wagenknecht, Appellant,
v.
Elsa W. DE WAGENKNECHT and N. V. Edmund Wagenknecht's Handel
Maatschappij, Appellees.
 Nos. 13457, 13458.
 United States Court of Appeals District of Columbia Circuit.
 Argued March 5, 1957.
Decided April 18, 1957.
 
 Mr. Ralph G. Albrecht, New York City, with whom Messrs. Henry F. Butler and John Geyer Tausig, Washington, D.C., were on the brief, for appellants in No. 13,457 and appellees in No. 13,458.
 Mr. James H. Mann, Washington, D.C., with whom Mr. Dean B. Lewis, Washington, D.C., was on the brief, for Mrs. Hugo Stinnes, Sr., appellee in No. 13,457 and appellant in No. 13,458. Mr. Lawrence Lesser, Washington, D.C., also entered an appearance for appellant in No. 13,458.
 Mr. Irwin A. Seibel, Atty., Dept. of Justice, with whom Mr. George B. Searls, Washington, D.C., was on the brief, for Herbert Brownell, Jr., and Atlantic Assets Corp., appellees in No. 13,457.
 Before PRETTYMAN, FAHY and BASTIAN, Circuit Judges.
 BASTIAN, Circuit Judge.
 
 
 1
 These cases involve appeals from orders of the District Court entered February 23, 1956 (as amended by order of March 15, 1956) and April 30, 1956. Although the record pertaining to these cases is somewhat lengthy, the facts necessary to a determination of these appeals may be briefly summarized.
 
 
 2
 On May 13, 1955, Mrs. Hugo Stinnes, Sr., a German national and a non-resident of the District of Columbia, filed her petition for an order pursuant to Rule 27(a) Fed.R.Civ.P. 28 U.S.C.A. authorizing the taking of her deposition upon oral examination, for the purpose of perpetuating her testimony in support of her claim to certain property presently vested by the Attorney General under the Trading with the Enemy Act.[1]
 
 
 3
 After certain intermediate proceedings the District Court, under date of June 13, 1955, entered an order, which, among other things, appointed Ralph G. Albrecht as attorney to represent Elsa Wichtendahl de Wagenknecht and N. V. Edmund Wagenknecht's Handel Maatschappij, a Dutch corporation (two of the expected adverse parties within the meaning of Rule 27(a)(2), Fed.R.Civ.P.)[2]
 
 
 4
 Mr. Albrecht had previously represented these parties in connection with certain matters but he testified that he was without authority to accept service on behalf of either of the above named expected adverse parties.
 
 
 5
 Thereafter, and on July 11, 1955, the District Court entered a further order, consented to by petitioner and all expected adverse parties named in the petition, directing that the deposition be taken in Dusseldorf, Germany, to commence August 15, 1955, and to continue from day to day until completed 'provided, however, that in view of petitioner's age and the state of her health, the taking of her deposition may be recessed from time to time as may appear necessary or appropriate to said attorneys; and petitioner is hereby directed to appear at such place and at such time and times and give her deposition * * *' This consent order of July 11, 1955, also provided that petitioner should pay to Ralph G. Albrecht, attorney for the two above named expected adverse parties, a reasonable attorney's fee for his services in connection with the taking of the deposition and all reasonable expenses incurred by him in travel between New York and Dusseldorf and return, and for board and lodging in Dusseldorf incurred in connection with taking of the deposition. It was further provided that the court would determine the amount of fees and expenses upon completion of the taking of petitioner's deposition.
 
 
 6
 The taking of the deposition was postponed until August 30, 1955. Petitioner's direct testimony was taken in Germany on August 30, 31, September 2 and part of September 3. Her cross-examination by counsel for the Attorney General[3] commenced September 3 and continued on September 5 and part of September 6. Appellants' counsel then examined the witness on September 6 and intermittently on nineteen days thereafter. The record discloses that, at the time of the filing of the petition, petitioner was eighty-two years of age, in bad health, being a chronic sufferer from duodenal ulcers, and consequently, the daily sessions for the taking of testimony aggregated about two and one-half hours per day. The deposition was taken through an interpreter.
 
 
 7
 On September 27, 1955, after the cross-examination had lasted thirteen days and part of another, petitioner was ordered by her doctor, because of the adverse effect which the examination was having on her health, to cease testifying and return to the hospital at Hamburg for examination by a specialist who had treated her for many years.
 
 
 8
 Petitioner, on September 26, 1955, filed a motion in the District Court for an order directing the officer conducting the examination 'to cease forthwith from taking said deposition or to cease from taking said deposition after the passage of such further time as may appear reasonable to the Court in the premises, upon the ground that cross-examination of petitioner by said Ralph G. Albrecht, Esq. is being conducted in such manner as unreasonably to oppress the petitioner.' At the hearing on the motion, a certificate was presented from her physician since 1929 stating that 'to continue the examinations in the manner they have been apparently held' would be dangerous to Mrs. Stinnes' health and life, and that continuance under medical supervision and for a few other sessions would be preferable to postponing the examination to some date in the future. The District Court entered an order dated October 6, 1955, providing in part as follows:
 
 
 9
 '(2) The taking of the deposition of the petitioner upon oral examination be resumed at the Universitats-Krankenhaus Eppendorf, Hamburg, Federal Republic of Germany, as promptly after the entry of this Order as arrangements can be made therefor and petitioner's health permits, and shall continue there to be taken until counsel shall complete the same or until to continue to take the same would, in the written opinion of petitioner's physician be unduly prejudicial to the health of petitioner, whichever occurs first;
 
 
 10
 '(3) Unless petitioner's physician shall advise the attorneys participating in the taking of petitioner's deposition that longer sessions will not be unduly prejudicial to her health, petitioner's deposition upon oral examination as hereinabove provided shall be taken as heretofore during daily sessions of not more than two and one-half hours each, including a recess of thirty minutes, provided, however, that in view of petitioner's age and the state of her health, the same may be recessed briefly from time to time as may appear necessary or appropriate to the attorneys participating in the taking of petitioner's deposition;'(4) Should petitioner's physician advise the attorneys participating in the taking of petitioner's deposition that in his opinion the taking of her deposition can continue only for a specified number of additional daily sessions without the same becoming unduly prejudicial to petitioner's health, such attorneys shall thereupon undertake to reach an agreement effecting an equitable allocation among them of the time so specified by petitioner's physician, for her further examination by each of them;
 
 
 11
 '(5) The Court reserves jurisdiction, after notice to all parties, to enter such Order on petitioner's said motion as may be appropriate in the event that prior to the completion by counsel of the taking of petitioner's deposition, petitioner's physician shall give it as his written opinion that to continue to take her deposition would be unduly prejudicial to petitioner's health. * * *'
 
 
 12
 The deposition was continued at Mrs. Stinnes' hospital room on October 11, 1955, Mrs. Stinnes being attended by her physician, who, on October 12, 1955, certified that he had attended the October 11 and 12 sessions and stated:
 
 
 13
 '* * * the questioning is detrimental to the patient's health, and, if continued for too long a time, the stress caused by it could result in an urgent complication of the ulcer (perforation or hemorrhage). The perforation would endanger Mrs. Stinnes' life seriously because it would include a surgical intervention. In an age of nearly 83 years the risks of such a procedure are obvious, and equally in the case of hemorrhage. So I have given Mrs. Stinnes sedatives to relieve the stress, but notwithstanding their effect the examination continues to threaten her health.'
 
 
 14
 He then concluded that, in his opinion, five daily and consecutive sessions of actual questioning of not more than two hours would be the maximum without seriously endangering the health and possibly the life of Mrs. Stinnes. Accordingly, the cross-examination continued October 13, 14, 15 and 16, on which date her deposition was suspended on the order of her physician.
 
 
 15
 By notice filed November 28, 1955, the motion of September 26, 1955, for an order terminating the taking of the deposition was calendared. On November 28, 1955, petitioner applied for an order determining the amount to be allowed Mr. Albrecht for travel and other expenses and the amount, if any, of the attorney's fees to be paid by petitioner. On February 23, 1956, the court entered its order, holding, among other things:
 
 
 16
 'Believing that the examining parties have had fair and ample opportunity to go into the matters in controversy despite difficult circumstances, and being of the opinion that further cross examination of petitioner would be oppressive, the deposition will be terminated by the Court. If, as a consequence, the deposition is rendered incomplete, such fact may be called to the attention of the Court when it is offered in evidence, so that it may be evaluated properly.'[4]
 
 
 17
 The expected adverse parties, Elsa W. de Wagenknecht and N. V. Edmund Wagenknecht's Handel Maatschappij, duly appealed. This appeal is No. 13,457 in this court.
 
 
 18
 On the question of Mrs. Albrecht's fees and expenses, he requested a fee in the amount of $30,400.00, expenses in the amount of $3,459.87, and an allowance of $1,698.70 for fees and disbursements of his Washington associate. A hearing on the question of fees and expenses was held before a judge of the District Court other than the judge who ordered termination of the deposition and, at the conclusion of the hearing, Mr. Albrecht was awarded a fee of $22,800.00 and expenses of $3,459.87. The claim for his Washington associate was disallowed. This order was dated April 30, 1956, and from this order Mrs. Stinnes appealed. Mr. Albrecht did not cross-appeal this order. The appeal relating to Mr. Albrecht's fees and expenses is No. 13,458 in this court.
 
 Appeal No. 13,457
 
 19
 Section 30(d) of the Federal Rules of Civil Procedure provides as follows:
 
 
 20
 'Motion to Terminate or Limit Examination. At any time during the taking of the deposition, on motion of any party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the court in the district where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in subdivision (b). If the order made terminates the examination, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of the objecting party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order. In granting or refusing such order the court may impose upon either party or upon the witness the requirement to pay such costs or expenses as the court may deem reasonable.'
 
 
 21
 Consistently with this rule, the District Court, on examination of the record, concluded that the examining parties had had fair and ample opportunity to go into the questions in controversy and found that further cross-examination of petitioner would be oppressive.
 
 
 22
 The matter of limiting or terminating the taking of a deposition is in the sound discretion of the court. United States ex rel. Edelstein v. Brussell Sewing Mach. Co., D.C.S.D.N.Y. 1943, 3 F.R.D. 87;[5] Walsh v. Pullman Co., D.C.S.D.N.Y. 1948, 10 F.R.D. 77; 2 Moore, Federal Practice & Procedure 2575.[6] The exercise of this discretion is akin to the trial court's discretion in limiting the right to cross-examination at trial, the exercise of this discretion being ground for reversal only when the trial judge has abused the discretion allowed him. See Rea v. Missouri, 1873, 17 Wall. 532, 84 U.S. 532, 21 L.Ed. 707; Kight v. Metropolitan Railroad Co., 1903, 21 App.D.C. 494; Twachtman v. Connelly, 6 Cir., 1939, 106 F.2d 501.
 
 
 23
 Under the facts in this record we are convinced there was no abuse of discretion when the trial court granted the motion terminating the witness's deposition. We agree that greater latitude is permitted in the cross-examination of a party than might be the case with nonparty witnesses. Rea v. Missouri, supra; Jansson v. Larsson, 1907, 30 App.D.C. 203; Alderman v. United States, 5 Cir., 31 F.2d 499, certiorari denied, 1929, 279 U.S. 869, 49 S.Ct. 515, 73 L.Ed. 1006. But, even with this in mind, we can find no error in granting the order here attacked. Those cases which require a movant under Rule 30(d) to make a clear showing of annoyance, embarrassment, oppression or the like[7] are satisfied by the facts in this record.
 
 
 24
 Believing that there had been fair and ample opportunity to cross-examine the witness and to develop information relevant to the controversy, and considering the advanced age of the witness, the delicate state of her health and the probable adverse effect upon her health of further cross-examination, we conclude that it was clearly proper to terminate her cross-examination.
 
 
 25
 The order of February 23, 1956 (as amended by the order of March 15, 1956) will be affirmed.
 
 Appeal No. 13,458
 
 26
 In the matter of the fee allowed Mr. Albrecht[8] we are unable to say that the District Judge abused his discretion. We are no more empowered to try the question of fee de novo or sit as a nisi prius court in that regard than in the case of the termination of the deposition. Our obligation is to determine whether the District Court abused its discretion and we cannot say that there was such abuse in this case.
 
 
 27
 Mrs. Stinnes argues that, as the cross-examination was for the benefit of Mr. Albrecht's clients, a part of his fee should be paid by them. The short answer to this is that the petition for perpetuation of testimony was instituted by Mrs. Stinnes. Appellees gave notice that they would oppose the petition and this position was abandoned only upon the signing of the consent order of July 11, 1955, by which Mrs. Stinnes agreed, among other things, to pay a reasonable attorney's fee to Mr. Albrecht in connection with the taking of petitioner's deposition and all reasonable expenses in connection therewith.
 
 
 28
 The order of April 30, 1956, will be affirmed.
 
 
 29
 Order of February 23, 1956 (as amended by order of March 15, 1956) is affirmed. Order of April 30, 1956 is affirmed.
 
 
 
 [1]
 40 Stat. 411 (1917), 50 App.U.S.C.A. §§ 1-39
 
 
 [2]
 The portion of the order appointing Mr. Albrecht reads as follows: '3. Subject to the provisions of Rule 4(b) of the Rules of this Court, Ralph G. Albrecht, Esq., of 501 Fifth Avenue, New York, New York, is hereby appointed as attorney to represent said Elsa Wichtendahl de Wagenknecht and said N. V. Edmund Wagenknecht's Handelmaatschappij herein within the meaning of Rule 27(a) (2) of the Federal Rules of Civil Procedure.'
 
 
 [3]
 The Attorney General, as successor to the authority, rights, privileges, duties and functions of the Office of Alien Property Custodian, and Atlantic Assets Corporation (represented by the Attorney General) were also named as expected adverse parties
 
 
 [4]
 The court entered an amending order, dated March 15, 1956, which did not affect so much of the order of February 23, 1956, as terminated the taking of the deposition
 
 
 [5]
 In this case the court stated: 'The power of the court to prevent abuse of its process is very broad before the examination under Rule 30(b) and during the course of the examination, Rule 30(d).' 3 F.R.D. at page 88
 
 
 [6]
 Prof. Moore asserts: 'If the court is satisfied that a protective order is necessary, it will issue an order which governs the examination with respect to the matters within the scope of the order.' (Emphasis supplied.)
 
 
 [7]
 Schwartz v. Broadcast Music, Inc., D.C.S.D.N.Y.1954, 16 F.R.D. 31; Laverett v. Continental Briar Pipe Co., D.C.E.D.N.Y.1938, 25 F.Supp. 80
 
 
 [8]
 Although Mrs. Stinnes also appealed the allowance for expenses named by Mr. Albrecht, this part of her appeal has been abandoned