Elsa W. DE WAGENKNECHT et al.,
Appellants,

v.

Mrs. Hugo STINNES et al., Appellees.

No. 13926.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 4, 1957.

Decided Nov. 27, 1957.

Mr. Ralph G. Albrecht, New York City, with whom Mr. John Geyer Tausig, Washington, D. C., was on the brief, for appellants. Mr. Henry F. Butler, Washington, D. C., also entered an appearance for appellants.

Mr. James H. Mann, Washington D. C., with whom Mr. Dean B. Lewis, Washington, D. C., was on the brief, for appellee Mrs. Hugo Stinnes, Sr. Mr. John W. Pehle, Washington, D. C., also entered an appearance for appellee Mrs. Hugo Stinnes, Sr.

Mr. Irwin A. Seibel and Miss Marbeth A. Miller, Attorneys, Department of Justice, entered appearances for appellees Herbert Brownell, Jr., and Atlantic Assets Corporation.

Before PRETTYMAN, FAHY and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

On January 12, 1957, Mrs. Hugo Stinnes, Sr., a German national and nonresident of the District of Columbia filed a petition for an order, pursuant to Rule 27(a) (1) and (2) Fed.R.Civ.P.,[1] authorizing the taking of the deposition of Thorkild Rieber in New York City in support of her claim to certain property presently vested by the Attorney General under the Trading with the Enemy Act, as amended[2] (hereinafter referred to as the Act).

---

1. "Rule 27. *Depositions Before Action or Pending Appeal*

"(a) *Before Action.*

"(1) *Petition.* A person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court of the United States may file a verified petition in the United States district court in the district of the residence of any expected adverse party.

"The petition shall be entitled in the name of the petitioner and shall show: 1, that the petitioner expects to be a party to an action cognizable in a court of the United States but is presently unable to bring it or cause it to be brought, 2, the subject matter of the expected action and his interest therein, 3, the facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it, 4, the names or a description of the persons he expects will be adverse parties and their addresses so far as known, and 5, the names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony. As amended Dec. 29, 1948, eff. Oct. 20, 1949.

"(2) *Notice and Service.* The petitioner shall thereafter serve a notice upon each person named in the petition as an expected adverse party, together with a copy of the petition, stating that the petitioner will apply to the court, at a time and place named therein, for the order described in the petition. At least 20 days before the date of hearing the notice shall be served either within or without the district or state in the manner provided in Rule 4(d) for service of summons; but if such service cannot with due diligence be made upon any expected adverse party named in the petition, the court may make such order as is just for service by publication or otherwise, and shall appoint, for persons not served in the manner provided in Rule 4(d), an attorney who shall represent them, and, in case they are not otherwise represented, shall cross-examine the deponent. If any expected adverse party is a minor or incompetent the provisions of Rule 17(c) apply." 28 U.S. C.A.

2. 40 Stat. 411 (1917), U.S.C.A. 50 Appendix, §§ 1–40.

The petition alleges that on the several dates of the vesting orders Mrs. Stinnes, as sole legatee of Hugo Stinnes, Sr., was directly or indirectly the beneficial owner of all or substantially all of the properties so vested. She avers that she is advised that she is ineligible at this time for return of the vested property under § 32 of the Act, and that she does not qualify to be a plaintiff in an action under § 9(a) thereof against the Attorney General for the return of the property, for the reason that she was an enemy within the meaning of the Act at the time the property was vested. She has filed with the Attorney General a notice of claim with respect to the properties so vested.

Appellants and Atlantic Assets Corporation have also filed administrative claims to the same property, and have instituted actions against the Attorney General claiming part of it, alleging that they and not Mrs. Stinnes were the pre-vesting owners of such property.[3] Mrs. Stinnes is not a party to those suits.

Mrs. Stinnes further alleges that she or her successors in interest intend to bring one or more actions cognizable in a court of the United States for the unlawful withholding from her of her properties, against the following adverse parties: (1) the Attorney General of the United States, appellee herein; (2) Elsa W. de Wagenknecht, appellant herein; (3) N. V. Edmund Wagenknecht's Handel Maatschappij, appellant herein; and (4) Atlantic Assets Corporation, appellee herein. The prospective litigation is based upon the happening of either of two contingencies: (1) enactment by Congress of legislation returning enemy property to its former German owners; or (2) the returning of some or all of the property by the Attorney General to appellants and Atlantic Assets Corporation, appellee herein.

Mrs. Stinnes has already perpetuated her own testimony against the same expected adverse parties as are named in the petition here under review.[4] The present petition has for its purpose perpetuation of the testimony of Mr. Rieber who is, it is claimed, an important witness in the four civil actions referred to above and whose testimony is expected to be to the effect that petitioner was the owner of a substantial part of the vested property. Mrs. Stinnes attempted to accomplish service on appellants by service on their present counsel; however, appellants' counsel disclaimed authority to receive or accept service for them.

Thereafter, on February 7, 1957, the District Court directed service to be made by mail pursuant to Rule 27(a)(2), Fed.R.Civ.P., and appointed Ralph G. Albrecht as attorney to represent appellants "but without any compensation to be paid by the petitioner." Appellants filed an opposition contesting the jurisdiction of the court to grant the petition, and for an order to require petitioner to pay to their court-appointed attorney a reasonable attorney's fee and expenses already incurred in connection with the petition, and for other relief including an attorney's fee if the deposition were authorized. After a hearing, the District Court, with the consent of the Attorney General and Atlantic Assets Corporation, but over the opposition of Mr. Albrecht, entered an order granting the petition to perpetuate Mr. Rieber's testimony. No provision was made for attorney's fees for Mrs. de Wagenknecht's attorney. This appeal followed.

■ The use of Rule 27 to perpetuate testimony is an ancillary or auxiliary proceeding to prevent a failure or delay of justice, by preserving and registering testimony which would otherwise be lost before the matter to which it relates

---

3. There are presently pending in the United States District Court for the District of Columbia four actions brought by appellants against the Attorney General. The property involved in those actions is only a fraction of the total property claimed by both Mrs. Stinnes and appellants.

4. De Wagenknecht v. Stinnes, 1957, 100 U.S.App.D.C. 156, 243 F.2d 413.

could be made ripe for judicial determination. It seems to us that the present case is one coming specifically within the rule cited. All of the elements necessary under Rule 27 are present. Certainly, from the facts disclosed by the record, this is a matter "that may be cognizable in any court of the United States." That there will be litigation growing out of the assets vested, and that the principal appellant, principal appellee and the Attorney General, as Alien Property Custodian, will be parties thereto seem altogether probable. Mrs. Stinnes seeks by this proceeding to perpetuate the testimony of a person who has knowledge of certain events and transactions, many of which took place years ago. There can be no certainty that this testimony will still be available when the controversy is ready for litigation, since the witness is at present seventy-four years of age.

At the present time, Mrs. Stinnes cannot, for reasons above stated, sue the Attorney General for the return of the property since she does not meet the requirements of § 9(a) of the Act. Nor can she sue appellants at this time to determine her title to the property because they do not have possession. Her only recourse is in future litigation. There is reason to believe that in either of two contingencies she will be a party to litigation to try the issue of her ownership in such property. These contingencies are: (1) should appellants be successful in any of their present or future administrative or judicial claims, so that the Attorney General decides or is directed to give over any part of the property formerly owned by Mrs. Stinnes to either appellant, Mrs. Stinnes may then be in a position to institute an action against such appellant or appellants in the United States District Court for the District of Columbia to recover such property; (2) should legislation be enacted[5] returning vested property to its former German owners, Mrs. Stinnes expects to bring an action in the United States District Court for the District of Columbia against the Attorney General if he should refuse to recognize her claim, or against appellants and the Attorney General, if the Attorney General should take action to surrender the property to them pursuant to such legislation. Conversely, if her own claim is recognized and the property is returned to her, Mrs. Stinnes expects that appellants will institute suit against her.

■ Appellants contend that the District Court lacked jurisdiction to grant the petition, on the theory that Mrs. Stinnes has no *present* right of action cognizable in any court of the United States and, unless there is a substantial likelihood that the expected right of action will mature the court cannot grant the petition.

■ Whether there is a sufficient likelihood that the expected litigation will eventuate is a matter for the sound discretion of the court to which application to perpetuate is made. This is made clear in the case of Mosseller v. United States, 2d Cir., 1946, 158 F.2d 380, 382, where the court said:

"Under Federal Rules Civil Procedure, Rule 27(a) (3), the court may grant an order to take the deposition if it is satisfied that a failure or a delay of justice may thereby be prevented. What circumstances show a possible failure or delay of justice sufficient to call for the issuance of an order is obviously a matter for the sound discretion of the district court."

In the present case, the District Court found that there is such a likelihood and that the litigation, if brought, would be in a federal court.

■ Appellants say that the petition was not filed "in the district of the residence of any expected adverse party" pursuant to Rule 27(a) (1). Of the four expected adverse parties named in the petition, three are non-resident of

---

5. Various bills proposing such legislation are pending in the Congress and the President has stated that it is the policy of his administration to make such return. See 37 Dept. State Bull. 306 (1957).

the District of Columbia. The fourth expected adverse party named in the petition is the Attorney General of the United States. But, assuming *arguendo* that the Attorney General is not a prospective defendant (and we think he is), we think, nevertheless that the District Court had jurisdiction to enter the order. While there are apparently no reported cases on the point, it would appear that if all expected adverse parties are nonresident aliens the proceedings for perpetuation should not fail for lack of a proper district, provided there are proper safeguards as to notice and service of process, or other method of bringing the proceeding to the attention of the nonresident aliens. In such case, and under the above conditions, the filing of the proceeding may be accomplished in any Federal District Court. See 4 Moore, Federal Practice ¶ 27.04 (2d ed.). Here, certainly, there was adequate notice and service; and it is hard to see how, under the circumstances of this case, appellants have been harmed. To hold otherwise might result in a denial of justice.

In short, we believe that every requirement under Rule 27 to the issuance of the order was present and was complied with by the District Court.

■ The District Court did not abuse its discretion in failing to allow appellants' attorney a fee and expenses. Appellants' attorney has represented them on numerous occasions. He has represented them in the administrative claims, in the four pending civil actions referred to above, and in the proceedings instituted by Mrs. Stinnes for perpetuation of her own testimony. De Wagenknecht v. Stinnes, supra, note 4. It further appears that in the course of preparing for the trial of the four civil actions referred to, in which Mrs. de Wagenknecht is seeking to have returned to her certain of the properties taken under the vesting orders, the Attorney General noticed the taking of the testimony of the proposed witness (Mr. Rieber) on January 30, 1957. Both the witness and counsel for appellants (Mr. Albrecht) agreed to the taking of the deposition on that date.

Upon the filing of the petition of Mrs. Stinnes here under consideration, and since it appeared to the Attorney General that the testimony she sought would cover the same ground as the deposition noticed by the Attorney General, the taking of Mr. Rieber's testimony was postponed. Later it was taken (June 10–13, 1957), both pursuant to the Attorney General's notice in connection with the four civil actions and the District Court's order here on appeal, the District Court and this court having refused to stay said order.

Further, it was not necessary that Mr. Albrecht undertake the assignment in the order appointing him. He could have refused the assignment and the court could then have nominated another attorney. Being in the litigation and already representing appellants, he evidently, and understandably, determined that his client would be better off with him in the picture than with some one else. Having accepted the assignment, it seems to us that he has not made a case for relief from the terms thereof. We cannot say, that under the circumstances of this case, the District Court abused its discretion in providing that Mr. Albrecht should serve without fee.

Affirmed.