**TEXACO, INC., Petitioner,**

v.

**Charles A. BORDA, t/a C. A. Borda Company, the American Oil Company, the Atlantic-Richfield Company, Chevron Oil Company, Cities Service Company, Cities Service Oil Company, Gulf Oil Corporation, Humble Oil & Refining Company, Mobil Oil Corporation, Sinclair Refining Company, Sun Oil Company, Respondents,**

and

**Honorable Anthony T. Augelli, Judge, United States District Court, Nominal Respondent.**

No. 16341.

United States Court of Appeals Third Circuit.

Argued March 30, 1967.

Decided July 17, 1967.

Michael W. Graney, New York City, for petitioner.

William L. Dill, Stryker, Tams & Dill, Newark, N. J., for all respondents except Borda.

Robert G. Levy, Frank, Bernstein, Conaway & Goldman, Baltimore, Md., for respondents.

Before KALODNER and SEITZ, Circuit Judges, and BODY, District Judge.

## OPINION OF THE COURT

KALODNER, Circuit Judge.

Judge Augelli, the nominal respondent,[1] by Order dated November 14, 1966, 'stayed all proceedings, including discovery, in a private anti-trust suit [2] brought by the respondent Charles A. Borda against the petitioner Texaco, Inc. and the ten respondent oil companies, pending "determination" of a criminal action [3] brought by the United States against eight of Texaco's co-defendants in Borda's civil action. Texaco was named as a co-conspirator in the criminal action. The civil and criminal actions alike charged a conspiracy to restrain trade in the sale of gasoline.

In the instant proceeding, Texaco seeks a writ of mandamus vacating Judge Augelli's Order, or, in the alternative, its modification so as to permit it to take Borda's deposition "plus such other discovery proceedings as may be necessary to preserve evidence." Texaco says that Borda is 71 years old; one "key witness" has already died; the conspiracy alleged in Borda's action commenced in 1955, and "memories grow dim, documents disappear and witnesses die."

Texaco specifically cites Judge Augelli's denial of its request to modify his Order, at the time of its entry, so as to permit the taking of Borda's deposition, on his reasoning that "it is meaningless to say to me that Mr. Borda is 71 years old" and that "age standing alone is meaningless."

Texaco urges that Judge Augelli abused his discretion (1) in entering his Order to stay all proceedings in Borda's civil suit until the determination of the Government's criminal action, and (2) in denying its request to modify his Order so as to permit the taking of Borda's deposition. It further asserts that the charged abuse of discretion "falls within the legal mainstream of

relief provided by the writ of mandamus."

■ We agree that the remedy of mandamus extends to cases of clear abuse of judicial discretion. Rapp v. Van Dusen, 350 F.2d 806, 812 (3 Cir. 1965), and that it specifically extends to review of a trial court's grant, or refusal, of a stay of proceedings. Pet Milk Company v. Ritter, 323 F.2d 586, 588 (10 Cir. 1963).

We further agree that Judge Augelli abused his discretion in refusing to grant Texaco leave to take Borda's deposition in view of the prevailing factual circumstances.

We do not agree that Judge Augelli abused his discretion in staying all other proceedings in Borda's case pending determination of the Government's criminal action.

On the latter score it is settled law that " * * * the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North American Co., 299 U.S. 248, 254–255, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936).

Judge Augelli, in announcing his intention to stay proceedings in Borda's civil suit until determination of the Government's criminal action stated that it was arrived at:

"Upon a consideration of all factors involved in this case * * * a balancing of the equities, so to speak, in my opinion, justify a stay, at least until after a trial of the criminal action. The indicted defendants should not be unduly hampered, as I believe they would be if they had to fight on two

---

1. Judge Augelli has been designated as a nominal respondent in the instant mandamus action in accordance with the procedure which we outlined in Rapp v. Van Dusen, 3 Cir., 350 F.2d 806 (1965).

2. Civil Action No. 947–66.

3. Criminal Action No. 153–65.

fronts at the same time. We are not dealing here with the ordinary run-of-the-mill litigation. We are dealing with an anti-trust suit covering alleged illegal activity in a three-state area, going back many years. It may well be that the trial of the criminal case will reduce the scope of discovery in the civil action. And perhaps it might also simplify the issues." [4]

■■ We would be transgressing the permissible limits of judicial review of a trial judge's exercise of discretion were we to hold that Judge Augelli abused his discretion in his weighing of "competing interests" in the prevailing situation. Texaco's contention that it is a stranger to the criminal action because it was not a party defendant ignores the fact that it was named therein as a co-conspirator. Its other contentions, in support of its view that Judge Augelli abused his discretion in staying the civil action are similarly without merit.

■ What has been said brings us to our expressed view that Judge Augelli abused his discretion in denying leave to Texaco to take Borda's deposition on his reasoning that "age standing alone is meaningless" and that "it is meaningless to say to me that Mr. Borda is 71 years old."

The circumstance that "Mr. Borda is 71 years old" is quite meaningful. It would be ignoring the facts of life to say that a 71-year old witness will be available, to give his deposition or testimony, at an undeterminable future date when a pending criminal anti-trust action will have been "determined", and the trial of a related civil action will subsequently take place. It is a fact of life, too, that the memory of events already dating back

some eleven years [5] grow dim with the inexorable march of time, even on the part of one on the sunny side of the proverbial three score and ten years. It may be noted parenthetically that counsel for Mr. Borda at the hearing of the stay of proceedings motion on October 24, 1966 stated in opposition to the motion. [6] "The plaintiff, your Honor, is seventy-one years of age, which, in my opinion, is an awfully good reason why the action shouldn't be stayed".

It is relevant to note that in DeWagenknecht v. Stinnes, 102 U.S.App.D.C. 89, 250 F.2d 414 (1957), the Court, in affirming the District Court's order, under Rule 27, F.R.Civ.P., authorizing the taking of the deposition of a 74-year old witness, said (p. 417):

"Mrs. Stinnes seeks by this proceeding to perpetuate the testimony of a person who has knowledge of certain events and transactions, many of which took place years ago. There can be no certainty that this testimony will still be available when the controversy is ready for litigation, since the witness is at present seventy-fours years of age".

The respondents urge that Judge Augelli in announcing his intention to grant his sweeping stay of proceedings stated that " * * * if some unforeseen event should arise, such as the necessity for perpetuating the testimony of a witness * * * an application for a modification of my stay can always be made * * * ", and that such reservation gives flexibility to his stay order insofar as the taking of Borda's deposition is concerned. The ready answer is that Texaco requested such modification and it was denied. Judge Augelli's indicated view that he would give consideration to a re-

---

4. The statement was made at the conclusion of a hearing on October 24, 1966 of a motion to stay filed by Texaco's ten co-defendants in Borda's action. The mooted Order of November 14, 1966 followed.

5. As stated in the body of this opinion, the conspiracy alleged in Borda's civil action commenced in 1955.

6. It is interesting to note that Borda in this proceeding opposes Texaco's application for a writ of mandamus, asserting, *inter alia*, "[m]oreover, it is clear that a decree in the government action would be admissible as against Texaco to show existence of a conspiracy and to limit the need for separate proof as to all issues other than Texaco's connection with the conspiracy".

newed request should Mr. Borda become "ill" or "infirm", referred to by the respondents, affords little nourishment to their position. Should Mr. Borda become "ill" or "infirm", such illness or infirmity might well be of such proportion as to make impossible the taking of his deposition.

For the reasons stated a writ of mandamus will issue directing the Honorable Anthony T. Augelli, Judge, United States District Court, Nominal Respondent, to grant leave to Texaco Inc., upon written motion duly filed, to take the deposition of the respondent Charles A. Borda.