**In re Colleen BOLAND, Petitioner.**

**Misc. No. 78–0203.**

United States District Court,
District of Columbia.

Aug. 21, 1978.

Joseph L. Rauh, Jr., Washington, D. C., for petitioner.

William H. Briggs, Asst. U. S. Atty., Washington, D. C., for respondent.

## MEMORANDUM ORDER

HAROLD H. GREENE, District Judge.

This cause comes before the Court upon a verified petition [1] to take depositions prior to the filing of an action, pursuant to Rule 27(a)(1), F.R.Civ.P., which provides that:

A person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court of the United States may file a verified petition in the United States district court in the district of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show: 1, that the petitioner expects to be a party to an

---

1. The petition identifies the adverse parties as the Members of the Select Committee on Assassinations of the U. S. House of Representa-tives, the Select Committee's Chief Counsel, and its Staff Director. Representing these respondents is the United States Attorney.

action cognizable in a court of the United States but is presently unable to bring it or cause it to be brought, 2, the subject matter of the expected action and his interest therein, 3, the facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it, 4, the names or a description of the persons he expects will be adverse parties and their addresses so far as known, and 5, the names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.

Petitioner alleges that she may have been unlawfully dismissed from her position as researcher for the Select Committee on Assassinations of the U.S. House of Representatives, and that she has been unable, notwithstanding her own efforts and those of her counsel, to obtain any information from the Committee either as to who is responsible for her dismissal or the reason therefor. For these reasons, she seeks an order of the Court authorizing her to depose the Hon. Louis Stokes, Chairman of the Select Committee; Robert Blakey, Chief Counsel and Staff Director of the Select Committee; and Jacqueline Hess and Donovan Gay, respectively a supervisor and former supervisor on the Select Committee staff.

The crux of the petition is that petitioner proposes to file a complaint cognizable in this Court, but that she is presently unable to do so because of a lack of knowledge of facts necessary to "prepare a complaint sufficient to withstand motions under Rules 11 and 12 of the Federal Rules of Civil Procedure." Alternatively, petitioner claims that because the Select Committee will dissolve on December 31, 1978, there is a need to perpetuate the testimony of the proposed deponents, and that a Rule 27 order is appropriate under these circumstances.

■ Among the requirements which must be met before leave will be granted for the taking of pre-complaint depositions under that Rule are, first, that the action petitioner contemplates bringing would be cognizable in a court of the United States (*Arizona v. California,* 292 U.S. 341, 347, 54 S.Ct. 735, 78 L.Ed. 1298 (1934); 4 *Moore's Federal Practice,* 27.03, page 1813, 27.07[4], pp. 1820–1821 (2d ed. 1974); *Petition of Ferkauf,* 3 F.R.D. 89 (S.D.N.Y.1943)), and second, that a substantial danger exists that the testimony sought to be preserved by deposition would otherwise become unavailable before the complaint could be filed. *Moore's, supra,* sec. 27.07[4]; *Petition of Ferkauf, supra.*

■ Petitioner has clearly not met the second requirement, and for that reason alone her petition must be denied.

There is no evidence that the testimony of persons with knowledge of the material facts relevant to petitioner's proposed lawsuit will be unavailable after a complaint is filed. Petitioner has not alleged, nor is there any basis for the Court to find, that the potential deponents are aged, gravely ill, or preparing to leave the country for an indefinite or lengthy period of time. Compare *Texaco, Inc. v. Borda,* 383 F.2d 607 (3rd Cir. 1967) (court permitted Rule 27(a) deposition of 71-year old witness in suit that had been stayed pending resolution of parallel criminal prosecution); *DeWagenecht v. Stinnes,* 100 U.S.App.D.C. 156, 243 F.2d 413 (1957) (Rule 27(c) deposition of 74-year old man permitted by District Court, and upheld by Court of Appeals); see *Mosseller v. United States,* 158 F.2d 380 (2d Cir. 1946); and see generally *Moore's, supra,* sec. 27.09[3], p. 1830. Moreover, it is immaterial that the Select Committee will dissolve on December 31, 1978.[2] The Select

---

**2.** Petitioner also asserted at oral argument that prior to December 31, 1978, the 95th Congress will likewise dissolve, and that all documents and records generated by the Select Committee will be placed by the General Services Adminis-

tration into archives or storage at that time, and will not be subject to disclosure for fifty years. Even assuming that petitioner is correct in her premise (and the Court has been cited no authority for the proposition) that the docu-

Committee as an entity cannot be deposed or testify in any event. Insofar as the Members of the Committee or the Committee staff are concerned, there is no showing or basis for believing that they would be unavailable under the standards enunciated above to testify after December 31, 1978. In short, petitioner cannot demonstrate the need for preserving testimony that would otherwise become unavailable.

■ Petitioner's claim therefore ultimately rests only on the basis that the relief is needed to permit her to draw a proper complaint. Yet it is well settled that Rule 27(a) "is not a method of discovery to determine whether a cause of action exists; and, if so, against whom action should be instituted." *Petition of Gurnsey,* 223 F.Supp. 359, 360 (D.D.C.1963); See also *Ash v. Cort,* 512 F.2d 909, 912 (3rd Cir. 1975); *Petition of the State of North Carolina,* 68 F.R.D. 410 (S.D.N.Y.1975); *Moore's, supra,* 27.07[4] at pp. 1827–28; 8 Wright and Miller, *Federal Practice and Procedure,* § 2071, pp. 332–33 (1973). Under the liberal pleading requirements of the Federal Rules of Civil Procedure a complaint need contain only the most basic grounds upon which the court's jurisdiction is based and a short statement of the claim and the relief sought. Rule 8(a), F.R.Civ.P. Concomitantly liberal discovery rules permit parties to flesh out their respective claims, defenses, and counterclaims, in due course after issue has been joined. Petitioner has not demonstrated that, under

these rules, she is unable to frame an adequate complaint.[3]

Petitioner argues that her situation is unique because Congress is organized in such a manner that she is unable to ascertain who on the Select Committee voted for her dismissal, and indeed why she was dismissed at all. That circumstance, it is argued, provides a basis for the grant of relief under the equitable powers of the Court, recognized in Rule 27(c).[4] But that argument does not advance petitioner's case, but rather highlights the inappropriateness of a Rule 27 order.

■ Without, at this juncture, ruling on the merits of the question of congressional immunity under either the Speech and Debate Clause of the Constitution,[5] or more general principles of legislative immunity enunciated in the Constitution,[6] it is apparent that those who are being sought to be deposed under the petition (including Members of Congress and the Select Committee's staff) might have a claim of immunity, which, at the least, is not frivolous. See *Doe v. McMillan,* 412 U.S. 306, 311, 93 S.Ct. 2018, 36 L.Ed.2d 912 (1973); *Gravel v. United States,* 408 U.S. 606, 616–618, 92 S.Ct. 2614, 33 L.Ed.2d 583 (1972); *Davis v. Passman,* 571 F.2d 793, 801 (5th Cir. 1978); *McSurely v. McClellan,* 180 U.S.App.D.C. 101, 119, 553 F.2d 1277, 1295 (1976). The difficult and sensitive issues concerning the immunity of individual legislators, congressional committees, and congressional staff

ments will disappear into GSA archives, there appears to be no reason why, subsequent to the filing of a complaint, these documents, to the extent that they are relevant and not privileged (see *infra*), would be beyond the reach of the courts.

3. Petitioner has suggested that she does not know whether her dismissal was legal or illegal, and that is why she should be granted Rule 27 relief. But there is nothing in the Rule or the cases construing it that would lead to the conclusion that a person may require others to submit to depositions in order that such person may ascertain whether, under law, she has a cause of action.

4. Rule 27(c) provides: "This rule does not limit the power of a court to entertain an action to perpetuate testimony." According to *Moore's,*

*supra,* Sec. 27.21, this "action to perpetuate testimony" is in substance the former bill in equity to perpetuate testimony. The circumstances which would give rise to such an action or bill in equity are not present here.

5. "The Senators and Representatives . . . for any speech or debate in either House, . . shall not be questioned in any other place." U.S.Constitution, Art. I, § 6, cl. 1.

6. Article I, § 1, provides, *inter alia,* that "[a]ll legislative powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives."

which underlie the petition are more properly developed after a complaint and responsive pleadings have been filed and the issues have been joined by appropriate motions than by the truncated procedure sought to be employed here.[7] It is certainly wholly inappropriate to require these potential defendants to submit to depositions, either under Rule 27(a) or Rule 27(c), without the framework of a properly drawn lawsuit.

In view of these considerations, it is this 17th day of August, 1978,

ORDERED That the petition be and it is hereby denied.

---

7. In addition, these questions of legislative immunity have, of course, a direct bearing on the second requirement of Rule 27(a), i. e., that the proposed action must be one "which is cognizable within" the United States courts. If, indeed, all the expected defendants are immune from their actions, the proposed action would not be one so cognizable.