UNITED STATES FIDELITY AND GUARANTY INSURANCE COMPANY, Appellant,

v.

HARTSON–KENNEDY CABINET TOP COMPANY, INC., Appellee.

No. 49A02–0604–CV–324.

Court of Appeals of Indiana.

Dec. 8, 2006.

Richard A. Rocap, Indianapolis, IN, Charles W. Browning, Jeffrey C. Gerish, Michael D. Almassian, Plunkett & Cooney, P.C., Bloomfield Hills, MI, Attorneys for Appellant.

Frank J. Deveau, Bradley R. Sugarman, Sommer Barnard PC, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

United States Fidelity and Guaranty Company ("USF & G") appeals from the trial court's order granting the petition of Hartson–Kennedy Cabinet Top Company, Inc. ("Hartson") to perpetuate the testimony of William H. Rea pursuant to Indiana Trial Rule 27(A). USF & G raises a single issue for our review, namely, whether the trial court abused its discretion in granting Hartson's Rule 27(A) petition.

We affirm.

### FACTS AND PROCEDURAL HISTORY

Hartson manufactures kitchen cabinet tops. In approximately February of 2005, Hartson received a special notice of liability from the United States Environmental Protection Agency ("EPA"). That notice stated that Hartson was a potentially responsible party, under the federal Comprehensive Environmental Response, Compensation, and Liability Act, for environmental contamination at the HIMCO Superfund Site in Elkhart. As such, Hartson may be jointly, severally, and strictly liable for costs necessary to address that contamination ("the proposed EPA action"). Although the EPA has yet to identify the exact amount, if any, of Hartson's liability in that matter, it could be as much as six million dollars.

According to Hartson's independent certified public accountant, Rea, Hartson purchased comprehensive liability policies covering such environmental matters from USF & G. Rea is sixty-nine years old and has annually reviewed Hartson's insurance policies for more than thirty years. In the scope of his work with Hartson, Rea always kept detailed notes identifying insurer, limits, policy numbers, premiums, and terms. When contacted about potential coverage for the proposed EPA action, Rea informed Hartson that USF & G issued Hartson several policies dated between October of 1968 and October of 1972. However, supposedly due to the age of those policies, neither Hartson nor USF & G has found any other record of their existence.

Hartson recorded Rea's accounting in an affidavit and sent that affidavit, along with copies of Rea's records, to USF & G in an

attempt to secure coverage. USF & G denied that any such insurance polices existed. Subsequently, Hartson sought to perpetuate Rea's testimony under Indiana Trial Rule 27(A). USF & G opposed the perpetuation of testimony, and the trial court held a hearing on February 10, 2006. On February 17, the trial court granted Hartson's petition to perpetuate. USF & G then requested, and received, a stay in the proceedings, and this appeal ensued.

## DISCUSSION AND DECISION

■ We review a trial court's decision to grant or deny a petition to perpetuate testimony under an abuse of discretion standard. *See State v. Jablonski*, 590 N.E.2d 598, 600 (Ind.Ct.App.1992). When this court reviews a discretionary decision of the trial court, we will reverse only when the decision is an erroneous conclusion and judgment, one clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* That is, we will reverse only when the record contains no facts or inferences supporting the judgment. *Id.* at 600–01.

Indiana Trial Rule 27(A) states:

(A) [Depositions] [b]efore action

(1) Petition. A person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court in which the action may be commenced, may file a verified petition in any such court of this state.

The petition shall be entitled in the name of the petitioner and shall state facts showing:

(a) That the petitioner expects to be a party to an action cognizable in a court of this or another state;

(b) The subject matter of the expected action and his interest therein;

(c) The facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it;

(d) The names or a description of the persons he expects will be adverse parties and their addresses so far as known; and

(e) The names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.

* * *

(3) Order and examination. If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination or written interrogatories. The depositions may then be taken in accordance with these rules; and the court may make orders of the character provided for by Rules 34 and 35. For the purpose of applying these rules to depositions for perpetuating testimony, each reference therein to the court in which the action is pending shall be deemed to refer to the court in which the petition for such deposition was filed.

(4) Use of deposition. If a deposition to perpetuate testimony is taken under these rules or if, although not so taken, it would be admissible in evidence in the court of the state in which it is taken, it may be used in any action involving the same subject matter subsequently brought in a court of this state in accordance with the provision of Rule 32.

This court has not had frequent occasion to review Rule 27(A) petitions. Indeed,

only two Indiana cases discuss the rule. The first is *Sowers v. Laporte Superior Court,* 577 N.E.2d 250 (Ind.Ct.App.1991). In *Sowers,* an inmate at the Westville Correctional Facility, Lawrence Sowers, appealed a trial court's denial of his Rule 27(A) petition to perpetuate testimony in anticipation of a Tort Claims Act lawsuit that Sowers intended to file. Sowers wished to perpetuate the testimony of witnesses that he intended to call, but whom he feared would not be available when he ultimately filed his suit. *Id.* at 253. In discussing Rule 27(A) along with its federal counterpart, Federal Rule of Civil Procedure 27(A), this court agreed with the trial court and noted that the ninety-day period that Sowers was required to wait prior to filing suit under the Tort Claims Act did not sufficiently demonstrate a danger of lost evidence. *Id.* We concluded that we "did not believe a trial court should grant such a motion on the mere possibility that witnesses may be transferred or fired...." *Id.*

The second Indiana case to discuss Rule 27(A) is *Jablonski.* In *Jablonski,* a court-appointed attorney, Stanley Jablonski, failed to appear at multiple hearings on behalf of his client. *Jablonski,* 590 N.E.2d at 599. Subsequently, the trial court requested the local prosecutor to file criminal contempt charges against Jablonski. *Id.* After completing an investigation of the circumstances, the prosecutor found that Jablonski's failures to appear were due to miscommunications and declined to take any action. *Id.* But before the prosecutor's investigation was completed, Jablonski filed a petition to perpetuate the judge's testimony regarding the circumstances leading to the request for criminal contempt charges. *Id.* Although no charges had been filed or were going to be filed, Jablonski sought the deposition so that the judge could not later claim the passage of time had deteriorated his memory to the point that he could not remember facts important to his defense. *Id.* The trial court granted Jablonski's motion, but we reversed, holding that, despite the liberal approach that should be taken to Rule 27(A) motions, requests under that rule "should only be granted when there is evidence supporting a petitioner's expectations to be a party to a suit." *Id.* at 602.

■ Both *Sowers* and *Jablonski* discuss Rule 27(A) in conjunction with its federal counterpart. In *Sowers,* we noted that "[w]here a State trial rule is patterned after a federal rule, our courts will often look to the authorities on the latter for aid in construing the State rule." *Sowers,* 577 N.E.2d at 252. In *Jablonski,* we emphasized that, unlike the federal rule, the text of the Indiana rule lacks a requirement that there be an impediment to suit before a petition to perpetuate testimony is sought. *Jablonski,* 590 N.E.2d at 600 n. 2. However, we have recognized that, despite the difference in the language of the Indiana rule, an impediment requirement exists. *Sowers,* 577 N.E.2d at 253. That is, the petitioner must show why a lawsuit could not be brought at the time the petition is made. *See id.* We justified the impediment requirement by stating:

> To allow a prospective litigant to petition for perpetuation of testimony when there is no impediment to bringing the suit would promote an abuse of the rule. Litigants could then use the rule as a "fishing expedition" to discover grounds for a lawsuit, and, if found, to determine against whom the action should be initiated. These uses are not contemplated by Rule 27.

*Id.* We also noted that, "[a]lthough perpetuation of testimony in advance of litigation will generally be appropriate if there is some impediment to bringing suit, there may be a case in which perpetuation of testimony is proper even though the peti-

tioner is not technically precluded from initiating the lawsuit." *Id.* at 253 n. 3.

 Once the impediment requirement is satisfied, a Rule 27(A) petition is permissible "if the court is satisfied that perpetuation of the testimony may prevent a failure or delay of justice." *Id.* at 252 (citing Fed. R. Civ. Pro. 27). A "failure or delay of justice" occurs "where a certain witness's testimony might become unavailable over time." *Id.* In *Sowers,* we identified some special circumstances justifying the perpetuation of testimony, citing federal authority:

> Among the special circumstances considered sufficient to order perpetuation of testimony are cases where the witness is aged ... such that the witness could be unavailable before the complaint is filed. *Texaco, Inc. v. Borda* (3rd Cir.1967) 383 F.2d 607 (abuse of discretion to deny leave to perpetuate testimony of 71 year-old witness where events forming the basis of the proposed action occurred 11 years earlier and action was indefinitely stayed); *De Wagenknecht v. Stinnes* (D.C.Cir.1957), 250 F.2d 414 (74 year-old witness).

*Id.* Hence, Rule 27(A) does not exist "to provide a method of discovery to determine whether a cause of action exists. In other words, *the rule may be invoked to memorialize evidence that is already known,* rather than as a pre-trial discovery device." *Id.* (citations omitted; emphasis added).

Here, USF & G argues both that no impediment exists and that there is no evidence supporting the conclusion that Rea could become unavailable before a complaint against USF & G is filed. Hartson contends that the facts before the trial court clearly support the conclusion that an impediment exists. Further, Hartson maintains that the weight of federal authority supports its position that, on these facts, it may perpetuate Rea's testimony. We agree with Hartson.

 USF & G first argues that Hartson "did not establish an impediment to litigation." Appellant's Brief at 9. In support of that position, USF & G quotes Hartson's statement, in Hartson's petition to perpetuate, that:

> [i]f [Hartson's] ultimate liability in [the proposed EPA action] is de minimis, [Hartson] may elect to forego litigation with USF & G even though it believes that there is clearly coverage. On the other hand[,] if its liability is not de minimis, then it will need to file suit and Mr. Rea's testimony will be critical.

*Id.* (citing Appellant's App. at 9). USF & G then states that that language amounts to a concession by Hartson that there is no impediment. However, Hartson's quoted language reflects the uncertainty in damages Hartson faces in the proposed EPA action. USF & G presents no cogent argument to connect that uncertainty with its contention that Hartson did not establish an impediment to litigation.[1] Hence, USF & G has waived that argument. *See* Ind. Appellate Rule 46(A)(8)(a); *Cooper v. State,* 854 N.E.2d 831, 835 (Ind.2006).

 Waiver notwithstanding, contrary to USF & G's assertions Hartson's uncertain liability in the proposed EPA action supports the impediment require-

---

1. USF & G also cites *Shore v. ACandS, Inc.,* 644 F.2d 386 (5th Cir.1981), in support of its position that Hartson has failed to demonstrate a sufficient impediment. However, the Fifth Circuit in *Shore* did not discuss whether an uncertain amount of liability in an underlying action sufficed to establish an impedi- ment. Rather, the Fifth Circuit's holding addressed the availability of Rule 27 petitions after litigation had begun and in the absence of personal jurisdiction over the purported defendants. *Id.* at 389. Hence, *Shore* is inapposite.

ment. Supposedly, any action by Hartson against USF & G would be grounded on a breach of an insurance contract. However, to maintain an action for breach of contract, a party must show three elements: the existence of a contract, the defendant's breach of that contract, and damages. *Nieto v. Kezy*, 846 N.E.2d 327, 333 (Ind.Ct.App.2006). Here, the extent, if any, of Hartson's liability in the proposed EPA action is uncertain. Thus, Hartson cannot show the required element of damages against USF & G. Hartson's damages, if any, are speculative. Hence, any such action would be premature. *See In re Town of Amenia*, 200 F.R.D. 200, 203 (S.D.N.Y.2001) ("The cost of the landfill cleanup will not be determined until the [agency's] Record of Decision is issued. Accordingly, a declaratory judgment or other action to apportion clean-up costs would be premature at this time.").

■ Nonetheless, USF & G argues that Hartson should have brought an action for a declaratory judgment. However, USF & G cites no authority for its proposition that if an action for declaratory judgment is available, it must be sought in lieu of a Rule 27(A) petition to perpetuate testimony. On the other hand, federal district courts have held that the use of the federal declaratory judgment act in the absence of known damages or for the purposes of preserving testimony is inappropriate in light of the federal rule allowing for the perpetuation of testimony. *See Amenia*, 200 F.R.D. at 203; *State Farm Fire & Cas. Co. v. Taylor*, 118 F.R.D. 426, 431 (M.D.N.C.1988). We agree with those district courts.

■ Although an action for declaratory judgment in Indiana may be appropriate to construe a contract, *Hartford Accident & Indem. Co. v. Dana Corp.*, 690 N.E.2d 285, 294 (Ind.Ct.App.1997), it is an inappropriate vehicle if its use would result in "piecemeal" litigation, *Ember v. Ember*, 720 N.E.2d 436, 440 (Ind.Ct.App.1999). Here, had Hartson sought a declaratory judgment on the existence of a contract between it and USF & G, the grant of declaratory relief would neither efficiently resolve the parties' dispute, since the extent of damages would have remained unknown, nor served a useful purpose, since Hartson maintains that, regardless of any such finding, it would forego any litigation against USF & G upon a finding of de minimis liability against Hartson in the proposed EPA action. *See id.* Thus, we are not persuaded by USF & G's position that the availability of a declaratory action automatically preempts a party's use of Rule 27(A) for the perpetuation of testimony. The facts support the trial court's finding of an impediment to litigation.

■ The facts also support the conclusion that Rea's testimony may become unavailable over time and that, if such were to occur, a failure or delay of justice would result. Again, in *Sowers* we stated, "where the witness is aged ... such that the witness could be unavailable before the complaint is filed," a petition to perpetuate is appropriately granted. *Sowers*, 577 N.E.2d at 253.[2] As examples, we cited two federal decisions that permitted the perpetuation of testimony where the respective witnesses were seventy-one and seventy-four years of age. More specifically, in

---

**2.** USF & G asserts that advanced age alone is insufficient to demonstrate a likelihood of unavailable witness testimony. In support, USF & G cites *The Penn Mutual Life Ins. Co. v. United States*, 68 F.3d 1371 (D.C.Cir.1995), and *In re Allegretti*, 229 F.R.D. 93 (S.D.N.Y. 2005). However, neither of those cases supports USF & G's proposition. Indeed, both the *Penn Mutual* court and the *Allegretti* court specifically note that advanced age alone may justify the perpetuation of testimony. *Penn Mut.*, 68 F.3d at 1375; *Allegretti*, 229 F.R.D. at 98. *See also Sowers*, 577 N.E.2d at 253.

*Texaco, Inc. v. Borda,* 383 F.2d 607 (3rd Cir.1967), the Third Circuit Court of Appeals held that it was an abuse of the trial court's discretion to deny leave to perpetuate testimony of a seventy-one year-old witness where events forming the basis of the proposed action occurred eleven years earlier and the action was indefinitely stayed. And in *De Wagenknecht v. Stinnes,* 250 F.2d 414 (D.C.Cir.1957), the District of Columbia Circuit Court of Appeals reached a similar conclusion for a seventy-four year-old witness.

Here, Rea is a sixty-nine year-old witness, the events forming the basis of the proposed action between Hartson and USF & G occurred more than thirty years ago,[3] and it is uncertain when, if ever, any action by Hartson against USF & G will come to fruition. Hence, the facts support the trial court's finding that Rea is aged such that he could become unavailable before a complaint is filed. Further, because Rea is the exclusive source of information relating to the purported contract, the loss of his testimony would be of undeniable prejudice against Hartson, resulting in a failure or delay of justice.

USF & G challenges the Third Circuit's holding in *Texaco* and the District of Columbia Circuit's holding in *De Wagenknecht* on the grounds that they are antiquated and, as such, they do not accurately reflect modern life spans in their assessment of the risk of losing critical testimony. We cannot agree. Although USF & G presents no evidence to support this position, we presume the average life ex-

pectancy was lower in the late 1950s and 1960s. Despite that presumption, USF & G presents no information that the average life expectancy now is significantly higher than in 1991, the year *Sowers* affirmatively relied on those federal circuit courts for support. Indeed, prior studies in the National Vital Statistics Reports indicate that the average life expectancy for males aged 65–70[4] in 1991 was 15.3 years. 2 Vital Statistics of the United States, 1991: Life Tables § 6, at 12, *available at* http://www. cdc.gov/nchs/data/lifetables/life91_2acc.pdf. In contrast, more recent information states that the average life expectancy for males aged 69–70 is 14.1 additional years. Hence, we are not convinced that those opinions *Sowers* relied on in 1991 are now so antiquated that they are no longer persuasive authority.

For the above-stated reasons, we hold that the trial court did not abuse its discretion in granting Hartson's petition to perpetuate the testimony of Rea. Hartson's petition to perpetuate Rea's testimony epitomized the purpose of Rule 27(A), as Hartson sought only "to memorialize evidence ... already known." *Sowers,* 577 N.E.2d at 252. Hartson faced an impediment to actual litigation and declaratory relief against USF & G. Further, Rea's advanced age, combined with the extensive passage of time since the creation of the alleged insurance policies and the lack of alternative sources for the information Rea possessed, demonstrates sufficient grounds for the trial court to have concluded "that

---

**3.** In light of our affirmative support of *Texaco* in *Sowers,* we are also not persuaded by USF & G's argument in its Reply Brief that if Rea could remember the events for thirty years, it "strains credulity" to argue that he could lose that information in the next few years. Reply Brief at 6. As the *Texaco* court stated: "It is a fact of life ... that the memory of events already dating back some eleven years

grow[s] dim with the inexorable march of time, even on the part of one on the sunny side of the proverbial three score and ten years." *Texaco,* 383 F.2d at 609 (footnote omitted).

**4.** This is the most precise range of ages available for the specific age of sixty-nine years in that 1991 report.

perpetuation of the testimony may prevent a failure or delay of justice." *Id.*

Affirmed.

MAY, J., and MATHIAS, J., concur.