JOHN T. GAUTHIER AND KATHERINE J. GAUTHIER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 9403–72.    Filed May 16, 1974.

*Sylman I. Euzent*, for the petitioners.
*Marlene Gross*, for the respondent.

### OPINION

DAWSON, *Judge:* On March 21, 1974, the petitioners filed with the Court a document entitled "Application For Order Of Court To Take Deposition In Pending Case" seeking to take the deposition of Edward Maggio, an internal revenue agent, and requesting the production at the deposition of his workpapers upon which the respondent based his deficiency determination. Petitioners allege that they want to "obtain discovery in order, pursuant to due process requirements, to adequately prepare for the trial of this case." They assert that they are entitled to

elicit testimony from Mr. Maggio as to the facts, circumstances, and computations on which the deficiency is based.

On April 1, 1974, respondent filed a notice of objection to the petitioners' application to take such deposition and requested a hearing thereon. A hearing was held on May 1, 1974, at which counsel for the parties presented their arguments.

A deposition for the purpose of discovery, as requested by the petitioners herein, is not permitted or authorized under the Tax Court Rules of Practice and Procedure. See Rule 70(a)(1).[1] In addition, Rule 81(a) limits the use of the deposition procedure in a pending case to the perpetuation of testimony and the preservation of documents or things. Rule 81(a) also provides that depositions shall be taken only where there is a substantial risk that the person or document or thing involved will not be available at the trial of the case.

The petitioners have made no showing to the Court that there is a substantial risk that Mr. Maggio or the documents they seek to have produced will not be available at the trial of this case. Moreover, they have not shown that the testimony and documents they seek are material to the matters in controversy and are not privileged.

Petitioners make the vague assertion that the failure of this Court to provide for pretrial discovery depositions constitutes a denial of "due process." No authorities were cited. In our judgment the argument lacks merit.

Section 7453, I.R.C. 1954, provides that proceedings of the Tax Court shall be conducted in accordance with such rules of practice and procedure (other than rules of evidence) as the Court may prescribe. On January 1, 1974, the Court put into effect its new Rules of Practice and Procedure, which were carefully considered and reviewed before they were promulgated. The Court, in its discretion, has decided at this time that pretrial discovery depositions are incompatible with its practice

---

[1] The note (60 T.C. 1097) to Rule 70(a)(1) states:

The discovery procedures adopted by these Rules consist of interrogatories and of production and inspection of papers and other things. In that respect, the Federal Rules have been followed in essence. Depositions have not been adopted in these Rules as a discovery device. In that respect, these Rules do not follow the Federal Rules.

The new procedures introduced into Tax Court practice by these Rules are deemed sufficient to enable a party to obtain information needed to prepare for trial. Whatever additional benefits might be obtained by the use of discovery depositions would appear to be outweighed by the problems and burdens they entail for the parties as well as the Court. Provision for discovery depositions in conformity with the Federal Rules at this time would represent too drastic a departure from present Tax Court practice, with uncertain effect in view of the context of Tax Court litigation.

The present Tax Court Rules have no provisions on discovery. While there are provisions in the present Rules on depositions, they have not seen extensive use, and in practice generally have been limited to special circumstances, as where witnesses have not otherwise been available.

Par. (a) sets forth the allowable methods of discovery and the limitations discussed above. No similar provision appears in the present T.C. Rules.

and therefore rejects such procedures. In this respect the rules are procedural, not substantive, in nature.

It is also noted that the petitioners have not attempted to obtain the objectives of any discovery through informal consultation and communication. See Rule 70(a)(1); *Branerton Corp.*, 61 T.C. 691 (1974).

Accordingly, we conclude that the petitioners have not complied with the letter or spirit of the Court's rules with respect to discovery and the use of depositions in a pending case. Their application is an abuse of the Court's procedures and will be denied.

*An appropriate order will be entered.*