EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff,

v.

CARTER CARBURETOR, DIVISION OF
ACF INDUSTRIES, INCORPORATED,
et al., Defendants.

No. 75–635C(2).

United States District Court,
E. D. Missouri, E. D.

Feb. 2, 1977.

Gretchen D. Huston, District Counsel, St. Louis, E.E.O.C., St. Louis, Mo., Blanche M.

Manning, Supervisory Trial Atty., and Bruce Elfvin, Senior Trial Atty., Chicago Regional Office, E.E.O.C., Chicago, Ill., for plaintiff.

Thomas C. Walsh, Francis M. Gaffney, Hollye E. Stolz, Levin & Weinhaus, St. Louis, Mo., for defendants.

## MEMORANDUM AND ORDER

REGAN, District Judge.

This matter is before the Court on defendant's Motion for Sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure.

This case was filed in 1975 by the Equal Employment Opportunity Commission (EEOC) charging defendant in general terms with various types of discriminatory activities through the years. It was based upon one charge of race discrimination filed by Wendell Holmes, Charles Gamble, Otha Lewis and Charles Peoples and one charge of sex discrimination (pregnancy) filed on behalf of Sandra Moore.

After an initial unsuccessful attempt by defendant to obtain information concerning the particulars of the allegations, defendant filed a second set of interrogatories on August 12, 1976. In Interrogatories Nos. 1 through 6, defendant sought the names of the particular individuals who plaintiff claimed had been illegally discriminated against, other than the individuals named in the underlying charge. The EEOC initially filed a Motion to Stay its answers to those interrogatories until it had completed its discovery. On November 4, 1976, we denied that motion and held that discovery should be provided. After some prodding by the defendant, the EEOC on December 16, 1976, filed what is denominated as its "Supplemental Answers to Defendant's Second Set of Interrogatories" in which it stated in response to Interrogatories Nos. 1 through 6 that "the Commission is unable at this time to identify other individuals until it has completed its discovery." It is obvious that the EEOC has not in fact answered the interrogatories and has wilfully ignored the Court's order of November 4, 1976, denying the requested stay.

Defendant's Motion for Sanctions under Rule 37 charges that the EEOC has no evidence of any discriminatory acts and that its persistent refusal to admit that fact constitutes a serious violation of the discovery rules. The Court heard oral argument on that motion on February 4, 1977, and although it appeared that the parties had twice previously met or communicated in an effort to resolve this matter, the Court suggested another meeting should be held and made clear to the parties that if the matter was not resolved the Court would act promptly on the motion. By letter dated February 9, 1977, the Court has been advised by counsel for defendant that the EEOC refuses to change its so-called "answers" to Interrogatories Nos. 1 through 6. In our judgment, sanctions are appropriate under the circumstances.

The federal discovery rules are designed, *inter alia,* to enable a defendant to elicit the basis for a plaintiff's allegations and to prepare his defenses to the charges made. They are not designed to permit a plaintiff to make broad-based allegations, without any basis for a belief in those allegations, and then to invade the defendant's records in an attempt to determine whether or not a cause of action exists. Yet, that is obviously what has happened in the instant case. The EEOC's repeated refusal to answer legitimate and crucial questions in this case is indefensible and leads the Court to the inevitable conclusion that the Rules are properly invoked. *National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Anderson v. Air West, Inc.,* 542 F.2d 1090 (9th Cir. 1976).

Under Rule 37(b)(2)(C), one of the remedies specified for actions such as those which have occurred here is dismissal of the action. Defendant has sought dismissal, but the Court believes that such a sanction is too harsh at this time because the questions which plaintiff refused to answer inquired only as to individuals other than those specified in the triggering charge. Therefore, the EEOC should be permitted

to offer evidence as to discrimination against the specified individuals. However, because of its refusal to identify any other persons, the Court will utilize the provisions of Rule 37(b)(2)(A) and (B) to limit the issues to be tried. *Life Music, Inc. v. Broadcast Music, Inc.,* 41 F.R.D. 16 (S.D.N.Y.1966); *Black v. Sheraton Corporation of America,* 371 F.Supp. 97 (D.D.C.1974).

Rule 37 authorizes the Court, in addition to other sanctions to require the party failing to act to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the Court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. We find no justification for the failure of EEOC to respond. There are no circumstances which make an award of attorney's fees unjust. Limiting our award to the time and effort of which we have actual knowledge which counsel for defendant has expended in seeking to obtain proper answers to the interrogatories, we find that an attorney's fee of $500 is reasonable.

Accordingly, for the reasons stated, defendant's Motion for Sanctions is hereby SUSTAINED and it is hereby ORDERED:

For the purposes of this action, the following facts shall be taken to be established:

(1) The defendant Carter Carburetor Company did not discriminate against any person on the basis of race, with the possible exception of Wendell Holmes, Charles Gamble, Otha Lewis, or Charles Peoples, as to which individuals plaintiff shall bear the burden of proof at trial;

(2) The defendant Carter Carburetor Company did not discriminate against any person on the basis of sex, with the possible exception of Sandra Moore, as to whom the Commission shall bear the burden of proof at trial.

IT IS FURTHER ORDERED that at the trial of this matter the plaintiff shall be prohibited from offering any evidence as to any discrimination by defendant against any persons other than Wendell Holmes, Charles Gamble, Otha Lewis, Charles Peoples or Sandra Moore.

IT IS FURTHER ORDERED that the plaintiff shall pay to defendant Five Hundred Dollars ($500.00) attorneys' fees incurred as a result of plaintiff's failure to provide discovery.