No. 78–453. ACF INDUSTRIES, INC., CARTER CARBURETOR DIVISION v. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION. C. A. 8th Cir. Certiorari denied.

MR. JUSTICE POWELL, with whom MR. JUSTICE STEWART and MR. JUSTICE REHNQUIST join, dissenting.

The decision of the Court of Appeals in this case appears to be inconsistent with recent decisions of this Court on principles vital to the proper functioning of the federal courts. I therefore dissent from the denial of certiorari.

## I

In 1970, a civil rights organization and several individuals filed a charge against petitioner with respondent Equal Employment Opportunity Commission (EEOC). It was claimed that in discharging an employee and in failing to promote another, petitioner had discriminated on the basis of race. In 1972, an additional complaint was lodged on behalf of a female employee who asserted that petitioner's pregnancy-leave policies discriminated against her on the basis of sex. Upon the unsuccessful conclusion of conciliation efforts concerning these charges, the EEOC commenced this action against petitioner in the District Court. The complaint alleged broadly that petitioner had discriminated on the basis of race in its hiring, promotion, apprenticeship, and other practices, and on the basis of sex with respect to its maternity-leave and disability benefits.

Each party served interrogatories on the other. The dispute leading to this petition arose from the EEOC's refusal adequately to answer interrogatories seeking the names of the individuals, other than those named in the initial administrative charges, against whom the EEOC believed petitioner had discriminated. Rather than supply this information, the EEOC moved the District Court to stay the filing of its answers while it completed its discovery against petitioner. This motion was denied. The EEOC thereafter submitted the following answer to the interrogatories: "The Commission is unable at this time to identify other individuals until it has completed its discovery."

Petitioner moved for sanctions against the EEOC under Fed. Rule Civ. Proc. 37. At a hearing on this motion, the District Judge reserved decision and directed the parties to confer. He stated that if they could not agree on the matter, he would consider the motion for sanctions. Further negotiations failed to produce an agreement.

The District Court then granted, in part, petitioner's mo-

tion for sanctions. It concluded that the answers filed by the EEOC were merely an attempt to postpone an adequate response until after the EEOC's own discovery was completed. It further found that "the EEOC has not in fact answered the interrogatories and has wilfully ignored the Court's order . . . denying the requested stay." 76 F. R. D. 143, 144 (1977). The court thought it obvious that the EEOC had made "broad-based allegations, without any basis for a belief in those allegations, and then . . . invade[d] the defendant's records in an attempt to determine whether or not a cause of action exists." *Ibid.* Rather than dismissing the complaint outright, as requested by petitioner, the court ordered (1) that at the trial on the merits it should be taken as established that petitioner had not discriminated against anyone, with the possible exception of the individuals named in the administrative charges before the EEOC; (2) that the EEOC would not be permitted to introduce evidence of discrimination against anyone other than those named individuals; and (3) that the EEOC should pay attorney's fees of $500. Sanctions of this kind are expressly authorized by Rule 37 (d).

The EEOC filed a notice of appeal from the District Court's order. It argued to the Court of Appeals for the Eighth Circuit that the sanctions order was appealable either as a collateral order under *Cohen* v. *Beneficial Loan Corp.,* 337 U. S. 541 (1949), or as a denial of an injunction under 28 U. S. C. § 1292 (a)(1). Petitioner responded that the Court of Appeals lacked jurisdiction because the sanctions order was not appealable before final judgment.

The Court of Appeals declined to decide the jurisdictional issue as presented by the parties. Instead, it stated, "we find this an appropriate case for the issuance of a writ of mandamus." 577 F. 2d 43, 45 (1978). The court offered little by way of justification for its issuance of the writ, a remedy not requested by the EEOC. It merely noted its belief that petitioner, as well as the EEOC, had "displayed dilatory tactics

during the discovery period," *id.*, at 48, and that the procedures leading to the sanctions had been irregular.[1] It also disagreed with the District Court's finding that the EEOC's conduct amounted to willful disobedience.

## II

The opinion of the Court of Appeals appears to be seriously at odds with the decisions of this Court in two respects, both of which are important to federal judicial policy.

## A

The court below seems to have committed the compound error of using the mandamus power to mask a questionable jurisdictional decision. Our cases have emphasized the practical importance of the final-judgment rule of 28 U. S. C. § 1291, which goes to the jurisdiction of the courts of appeals. As recently as last Term we unanimously agreed that " '[r]estricting appellate review to "final decisions" prevents the debilitating effect on judicial administration caused by piecemeal disposition of what is, in practical consequence, but a single controversy.' " *Coopers & Lybrand* v. *Livesay,* 437 U. S. 463, 471 (1978), quoting *Eisen* v. *Carlisle & Jacquelin,* 417 U. S. 156, 170 (1974). Whether the District Court's sanctions order comes within either of the exceptions to the final-judgment rule suggested by the EEOC appears to be highly questionable. Rather than dealing with the merits of

---

[1] The Court of Appeals thought the procedures had been irregular because, in its opinion, the EEOC had not been given a sufficient opportunity to present its side of the story before sanctions were imposed. The District Court's action, however, was premised on the conclusion that the EEOC had simply persisted in doing what it had been forbidden to do when the motion to stay was denied. Thus, even if the Court of Appeals were correct that the adversary proceedings that preceded the sanctions order may have been unduly truncated, a district court should not be required to prolong argument over a matter within its discretion and already decided.

this important and dispositive issue, the Court of Appeals simply sidestepped it by treating the appeal as a petition for a writ of mandamus. This action is difficult to square with the well-established rule that mandamus "is not to be used as a substitute for appeal." *Schlagenhauf* v. *Holder,* 379 U. S. 104, 110 (1964).

It also seems evident that this was not an appropriate case for mandamus. " '[O]nly exceptional circumstances amounting to a judicial "usurpation of power" will justify the invocation of this extraordinary remedy.' " *Kerr* v. *United States District Court,* 426 U. S. 394, 402 (1976), quoting *Will* v. *United States,* 389 U. S. 90, 95 (1967). The petitioning party must show, among other things, that his right to the issuance of the writ is " 'clear and indisputable.' " *Kerr* v. *United States District Court, supra,* at 403, quoting *Bankers Life & Cas. Co.* v. *Holland,* 346 U. S. 379, 384 (1953). A litigant does not have a clear and indisputable right to a particular result in matters committed to the discretion of the District Court. *Will* v. *Calvert Fire Ins. Co.,* 437 U. S. 655, 665–666 (1978) (plurality opinion). As the decision to impose sanctions under Rule 37 is discretionary with the District Judge, see *National Hockey League* v. *Metropolitan Hockey Club, Inc.,* 427 U. S. 639, 642 (1976), and the sanctions ordered in this case are among those expressly authorized by Rule 37, the Court of Appeals' resort to mandamus to review what appears to have been an otherwise unappealable order is highly suspect.

B

The decision below is difficult to reconcile with our recent decision in *National Hockey League* v. *Metropolitan Hockey Club, Inc., supra.* In that case an antitrust action was dismissed under Rule 37 because of the plaintiff's failure to comply with discovery orders. The Court of Appeals reversed, apparently finding this sanction too harsh. We summarily reversed the Court of Appeals. We stressed that "the most

severe in the spectrum of sanctions . . . must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." 427 U. S., at 643. The sanctions order in this case is less severe than that approved in *National Hockey League*, and it was imposed for a virtually identical reason: a willful failure to answer interrogatories. Although the Court of Appeals rejected the District Court's finding that the EEOC had willfully disregarded the court's order, "[t]he question . . . is not whether this Court, or whether the Court of Appeals, would as an original matter have [imposed the sanctions]; it is whether the District Court abused its discretion in so doing." *Id.*, at 642. Neither the EEOC nor the Court of Appeals has convincingly demonstrated that an abuse of discretion occurred here.

## III

The decision of the Court of Appeals in this case not only appears to be inconsistent with our recent decisions, but also could discourage efforts to curb the widespread abuse of discovery that is a prime cause of delay and expense in civil litigation. The extent of this abuse has been of increasing concern. It was the subject of close attention at the Pound Conference held in St. Paul, Minn., in April 1976, and it was scrutinized further by the Pound Conference Follow-Up Task Force.[2] The Task Force, chaired by then Judge Griffin B. Bell, recommended that the appropriate organizations of the bench and bar should "accord a high priority to the problem of abuses in the use of pretrial procedures . . . with a view to appropriate action by state and federal courts." [3] Fol-

---

[2] See Report of Pound Conference Follow-Up Task Force, 74 F. R. D. 159, 191–192 (1976).

[3] *Id.*, at 192. See also Erickson, The Pound Conference Recommendations: A Blueprint for the Justice System in the Twenty-first Century, 76

lowing the studies that ensued, the Section of Litigation of the American Bar Association submitted recommendations for substantial changes in the provisions of the Rules of Civil Procedure respecting pretrial discovery.[4] The Committee on Rules of Practice and Procedure of the Judicial Conference, after considering these and other recommendations, has circulated for comment a number of proposed amendments to the Rules.[5] In a letter to the Committee, Attorney General Bell stated:

> "It has been my experience as a judge, practicing lawyer and now as Attorney General that the scope of discovery is far too broad and that excessive discovery has significantly contributed to the delays, complexity and high cost of civil litigation in the federal courts." [6]

I have referred briefly to the concern that exists with respect to abuse of discovery to emphasize that, at least until rule changes can be made, there is a pressing need for judicial supervision in this area. The district court before which a case is being litigated is in a far better position than a court of appeals to supervise and control discovery and to impose

---

F. R. D. 277, 288–290 (1978); Bell, The Pound Conference Follow-Up: A Response from the United States Department of Justice, 76 F. R. D. 320, 328 (1978).

[4] See ABA Report of the Special Committee for the Study of Discovery Abuse, Section of Litigation (1977). Comments on these proposals were offered by the Justice Department's Office for Improvements in the Administration of Justice, see United States Department of Justice, The Annual Report of the Attorney General of the United States 1977, pp. 13–15 (1978), and by the Board of Regents of the American College of Trial Lawyers.

[5] See Judicial Conference of the United States, Committee on Rules of Practice and Procedure, Preliminary Draft of Proposed Amendments to the Federal Rules of Civil Procedure (1978).

[6] Letter to Hon. Roszel C. Thomsen, Chairman, Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, June 27, 1978, from Hon. Griffin B. Bell.

sanctions for its abuse. Here, the District Court found that the EEOC had "in fact [failed to] answe[r] . . . interrogatories" and also had "willfully ignored the Court's order." 76 F. R. D., at 144. It is a serious matter for a court of appeals to undercut a district court's authority on questions of this kind, which are peculiarly within its discretion and competency.[7]

## IV

Accordingly, because it appears that the decision below misapplied the relevant decisions of this Court with respect to interlocutory appeals and the use of mandamus, and also because its decision may deter district courts from imposing appropriate sanctions promptly where abuses of discovery occur, I would grant the petition.

---

[7] One need not disagree with the Court of Appeals that petitioner also was at fault in the apparently acrimonious discovery disputes in this case. The District Court supervising the trial concluded that the EEOC's abuse was flagrant enough to warrant sanctions. That petitioner's hands may not have been entirely clean would not seem to justify the drastic action of overturning this decision by mandamus.