ELEANOR HENRY REED, WILLIAM G. REED, JR., SUSAN REED MOSELEY, AND CHARLES LYFORD IV, PETITIONERS v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5-87-D.          Filed April 13, 1988.

*C. William Bailey*, for the petitioners.
*Blake W. Ferguson*, for the respondent.

## OPINION

WRIGHT, *Judge*: This case is before the Court on petitioners' Application For Order To Take Depositions Before Commencement of Case, pursuant to Rule 82,[1] filed October 9, 1987. A hearing on this matter was held December 7, 1987, at a trial session of this Court in Seattle, Washington. Argument was presented by counsel for both parties and, upon the conclusion of the hearing, the matter was taken under advisement.

Petitioners seek to depose Drs. Kenneth Ray Wilske and James Barry MacLean, the attending physicians (the physicians) of one William G. Reed (the testator), in order to preserve their testimony for use in the event that respondent determines that certain testamentary transfers provided for in the testator's current will constitute generation-skipping transfers within the meaning of section 2601 et seq. If deposed, the physicians would testify concerning their expert evaluations of the mental state and testamentary capacity of the testator while he was under their care. Petitioners maintain that the testimony of the two physicians as preserved by deposition would provide evidence to enable the estate to take advantage of the exception to the

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986 as amended and in effect during the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

generation-skipping tax for testators who lacked testamentary capacity on September 25, 1985, and October 22, 1986.[2] Petitioners represent the heirs and beneficiaries of the testator's will.

Petitioners acknowledge that the application has been filed well before the underlying conflict will ripen. Specifically, before the case is justiciable, the testator must die, an estate tax return must be filed, and a deficiency must be determined by respondent. Petitioners conceded that respondent's agents might fail to audit the estate tax return when it is eventually filed, or, if audited, the question of the generation-skipping transfers might escape respondent's attention altogether. Thus, the depositions which petitioners seek would preserve testimony for a proceeding which might never occur.

Respondent objects to the application on the grounds that petitioners have failed to show that they are, or expect to be, a party to a case cognizable in this Court and that the proposed deponents will be unavailable to testify at trial. Respondent maintains that petitioners must satisfy both of these tests under Rule 82 before the deposition can be ordered. Because the physicians are middle aged and apparently in good health, respondent urges us to conclude that they will be available to testify in person at trial and that the taking of depositions is at this time unwarranted. Respondent also contends that petitioners' expectations of becoming a party to a case cognizable to this Court are so remote as to fail to satisfy the requirements under Rule 82.

Rule 82 allows an applicant to take a deposition before the commencement of the case "to perpetuate his own testimony or that of another person or to preserve any document or thing regarding any matter that may be cognizable in this Court." Rule 82 further provides that "If the Court is satisfied that the perpetuation of the testimony or the preservation of the document or thing may prevent a failure or delay of justice, it will make an order authorizing the deposition and including such other terms and condi-

---

[2]The application listed both dates because at the time of filing the law was unclear. The date was determined under the final version of the Technical Corrections Bill of 1987 to be Sept. 25, 1985.

tions as it may deem appropriate consistently with these Rules."

Our Rule 82 is derived from rule 27(a) of the Federal Rules of Civil Procedure. Note to Rule 82, 60 T.C. 1111. Thus, we may consult the history of rule 27(a), Fed. R. Civ. P., and the authorities interpreting such rule when considering the interpretation of Rule 82. Rule 1(a); *Estate of Jephson v. Commissioner*, 81 T.C. 999, 1000-1001 (1983); *Allen v. Commissioner*, 71 T.C. 577, 579 (1979).

We have opined on the appropriate application of Rule 82 in *Gale East, Inc. v. Commissioner*, T.C. Memo. 1985-80, wherein we reviewed an application under Rule 82 which requested an order to take the deposition of a 72-year-old man.[3] Although the proposed deponent suffered from a respiratory ailment, we determined that his failure to seek medical attention indicated that his condition was not serious. Relying on *Ash v. Cort*, 512 F.2d 909 (3d Cir. 1975), we held that an order to take depositions was unjustified because the applicant had failed to demonstrate that the deponent would be unavailable for trial.

Almost all of the cases interpreting rule 27(a), Fed. R. Civ. P., or Rule 82, require the applicant to show that the deponent is likely to be unavailable to testify at trial. Frequently the proposed deponent is advanced in years. See *Texaco, Inc. v. Borda*, 383 F.2d 607 (3d Cir. 1967); *DeWagenknecht v. Stinnes*, 250 F.2d 414 (D.C. Cir. 1957). In *Martin v. Reynolds Metals Corp.*, 297 F.2d 49 (9th Cir. 1961), the proposed depositions concerned evidence which the opposing party was actively trying to hide from the applicant.

The instant application presents none of the urgency and immediacy of these other cases. The proposed deponents are middle-aged and petitioners have not alleged that they suffer from any imminent threat of harm or illness. To support their need for the depositions, petitioners point only to the possibility that the physicians may move away and to the probability that their recollections will weaken and diminish over time. While both of these occurrences would

---

[3]In that case, a 30-day letter had been issued and the controversy was presently before a hearing officer of the Appellate Division, Internal Revenue Service. No notice of deficiency had been issued, nor had a petition been filed in the Tax Court.

indubitably hamper petitioners' presentation of their case at trial, misfortunes of this type are not unique to petitioners. Any witness might move away or unexpectedly become unavailable. Every witness finds his or her memory of the events in question a little faded by the time the case comes to trial. While we sympathize with petitioners' position, their application has failed to convince us that their position warrants the special protection of Rule 82.

Petitioners urge us to adopt the test applied by the U.S. District Court for the southern division of the District of Maine in *In re Hawkins*, an unreported case (D. Me. 1973, 32 AFTR 2d 73-5120, 73-2 USTC par. 9483). In *Hawkins*, the court issued an order to take depositions pursuant to rule 27(b) Fed. R. Civ. P., stating that:

It is now well established, however, that a showing that the petitioner is presently unable to bring the expected action or to cause it to be brought is a sufficient showing of the danger of a loss of evidence by delay and that the right to perpetuate testimony does not depend upon the condition of the witness but on the situation of the petitioner and his right to bring an immediate action. * * * [32 AFTR 2d at 73-5121, 73-2 USTC, par. 9483, at 81,523-81,524.]

We decline to adopt this view because it is so expansive as to make Rule 82 meaningless. If an applicant need only show that, through no fault of his own, the case had not commenced, Rule 82 would grant orders to any individual who was contemplating a lawsuit, allowing him to garner depositions in the event a suit might one day be joined. The relief provided for by Rule 82 is an extraordinary measure and invoked only to prevent the failure or delay of justice. We will continue to apply the test of *Gale East, Inc. v. Commissioner, supra*, which requires that the applicant show that the testimony will, in all probability, be lost before trial.

Petitioners here are not without alternative remedies. They are free to use the full panoply of discovery provisions once a petition has been filed. Furthermore, if either of the physicians, whose depositions they seek today, becomes ill or imperiled, petitioners may reapply for an order under Rule 82 and show that there is a substantial risk that the testimony would be unavailable for trial.

In light of the foregoing discussion,

*An appropriate order will be entered.*