We hold for respondent.

*Decision will be entered for the respondent.*[17]

ESTATE OF NEIL I. HABER, DECEASED, FLORA JO HABER, PERSONAL REPRESENTATIVE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 9346-86.        Filed August 15, 1988.

*Theodore W. Glocker, Jr.,* for the petitioner.
*Francis C. Mucciolo,* for the respondent.

OPINION

FAY, *Judge:* This case was assigned to Special Trial Judge Lee M. Galloway pursuant to the provisions of section 7456(d)(4) of the Internal Revenue Code of 1954 (redesignated section 7443A(b)(4) by section 1556 of the Tax

---

Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rule 180 et seq.[1] After a review of the record, we agree with and adopt his opinion which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

GALLOWAY, *Special Trial Judge:* This case is before the Court on petitioner's application for order to take deposition under Rule 81 filed September 3, 1987, and amended September 8, 1987, and September 15, 1987.[2] Respondent filed a notice of objection on September 8, 1987. Notice of the hearing on petitioner's motion was served by the Court on petitioner on September 17, 1987. The hearing on petitioner's motion was held at Jacksonville, Florida, on October 5, 1987.

## Background

In his 90-day letter mailed to petitioner on January 16, 1986, respondent determined a deficiency in Federal estate tax of $215,117 and an addition to tax under section 6653(b) in the amount of $137,708. Petitioner is the Estate of Neil I. Haber. Flora Jo Haber is the surviving spouse and personal representative of the estate. Her legal residence was in Leesburg, Florida, at the time the petition was filed. Neil I. Haber died on August 1, 1981.

A petition was filed with this Court on April 9, 1986. The case was set for trial at Jacksonville, Florida, on January 12, 1987. On November 3, 1986, the parties filed a joint motion for continuance which was granted by the Court on November 13, 1986. The parties requested that the case be continued because of a pending criminal tax investigation of personal representative Flora Jo Haber.

The parties appeared at the hearing held at Jacksonville, Florida, on October 5, 1987. Testimony was taken and the parties argued petitioner's motion. Respondent filed a memorandum supporting his objection to petitioner's mo-

---

[1] All section references are to the Internal Revenue Code of 1954 as amended, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise provided.

[2] For convenience, petitioner's application for order to take deposition and amendments thereto will sometimes be referred to as petitioner's "motion."

tion. Petitioner filed, on October 20, 1987, a memorandum in support of its application for order to take deposition.

*Petitioner's Application for Order
To Take Deposition Under Rule 81*

Rule 81(a) provides that a party to a case pending in this Court may file an application to perpetuate the testimony of another person by the taking of a deposition, which "shall be taken only where there is a substantial risk that the person * * * will not be available at the trial of the case." Rule 81(b)(1) provides that the application to take a deposition shall be signed by the party seeking the deposition and shall contain detailed information which the Rule sets forth. Respondent makes no objection that petitioner has failed to comply with the provisions of Rule 81(b)(1) for the purpose of this hearing. Respondent, however, objects to our granting petitioner's application to take the deposition of Jon Manning since, as argued by respondent, there is no "substantial risk that the person involved will not be available at the trial of this case."

Mr. Manning is a certified public accountant (C.P.A.). He resides in Leesburg, Florida, and prepared the Federal Estate Tax Form 706 for the Estate of Neil I. Haber. The application to take deposition alleges that Jon Manning is expected to testify that Flora Jo Haber lacked the knowledge necessary with respect to her late filing of the Form 706 to warrant the addition to tax for fraud, as determined by respondent. Petitioner further alleges that the criminal tax proceedings instituted against the personal representative may remain pending for an extended time and consequently "there is a substantial risk that Jon Manning will not be available at the trial of this case." Petitioner's grounds for claiming substantial risk of Mr. Manning's unavailability at the time of trial are that he "participates in the sport of sky diving" (application for order to take deposition), he "engages in the sport of flying ultra light airplanes which is substantially more dangerous than sky diving" (amendment to application), and he "is an active participant in motocross motorcycle riding which is a very dangerous sport" (second amendment to application).

At the hearing on October 5, 1987, respondent conceded that Mr. Manning is a witness essential to petitioner at trial and that his testimony would be vital to petitioner's defense that the fraud addition to tax is inapplicable. Mr. Manning appeared as a witness for petitioner at the hearing. At that time, he was 38 years of age and unmarried. Mr. Manning does not smoke and drinks only at social affairs. He has practiced as a C.P.A. for 12 years. Mr. Manning testified that he has no plans to be absent from the country indefinitely.

Mr. Manning testified that in addition to the sports specified above in petitioner's motion, he also engaged in scuba diving and flying gliders. Mr. Manning lives by a lake where he engages in the sport of flying ultra light airplanes about three times a week during satisfactory weather conditions. He also owns two motorcycles and has a motorcycle track at the back of his house. It appears from his testimony that the witness is actively engaged, in his spare time, in the various sporting activities described above. He has also occasionally incurred minor injuries[4] from these activities.

Petitioner also called David Thaxton as a witness. Mr. Thaxton is a charter life underwriter (CLU) and has sold life insurance for about 20 years. Mr. Thaxton testified that life insurance premiums for Mr. Manning would increase because of the sporting activities in which he was engaged. However, on cross-examination, the CLU emphasized that the most important matters considered in calculating life insurance premiums of an applicant were his age, general health, smoking and drinking status, automobile driving record, including moving driving violations, his accident rate, and his occupation. Mr. Thaxton also stated that a life insurance company, in determining its rates, was more interested in the stability of occupation of the applicant (such as that of a C.P.A.) rather than the applicant's

[3]Mr. Manning described this sport as "a modification of a hang glider with basically a motorcycle engine attached to it for power." He alleged this sport to be more dangerous than skydiving.

[4]Mr. Manning testified that he was once knocked out while parachuting and required several stitches after being hit by a fellow parachutist. The witness estimated that he suffered "about a broken bone a year" from motorcycle riding.

avocation or hobby. Mr. Thaxton stated that some occupations are "not insurable."

In the memorandum supporting its motion filed with the Court on October 20, 1987, petitioner relies heavily on the case of *Texaco, Inc. v. Borda*, 383 F.2d 607 (3d Cir. 1967), which petitioner argues contains facts "very similar" to the case in issue. In the above case, Texaco, Inc. (Texaco), and other oil companies were defendants in a civil antitrust action commenced by Borda for conspiracy to restrain trade in the sale of gasoline. Proceedings in the civil suit had been stayed pending resolution of a related criminal antitrust action in which Texaco had been named a co-conspirator. The Third Circuit Court of Appeals held that the U.S. District Court judge abused his discretion in refusing to modify an order to permit the taking of Mr. Borda's deposition where that person was 71 years of age and the alleged conspiracy had taken place 11 years previously.

Petitioner's reliance on *Texaco, Inc. v. Borda, supra*, is of no assistance to petitioner not only because of the age difference between Mr. Borda and Mr. Manning. The civil action in the *Texaco, Inc.*, case was commenced 12 years prior to the Third Circuit Court's opinion in that case. In this case, the petition was filed in April 1986 in response to a notice of deficiency now 2½ years old. Moreover, the *Texaco, Inc.*, case was decided under rule 27(a), Fed. R. Civ. P., which is the source of our Rule 82[5] and not our Rule 81. In any event, the Courts of Appeals have recognized that this Court operates under its own Rules of Practice and Procedure, which sometimes may vary from the provisions of their Federal Rules counterparts. See *Scherping v. Commissioner*, 747 F.2d 478, 480 (8th Cir. 1984), affg. per curiam an unreported order of this Court.

---

[5]In their written and oral arguments, neither party cited *Gauthier v. Commissioner*, 62 T.C. 245 (1974) (discussed *infra*), decided under Rule 81. Instead, the parties each relied on *Gale East, Inc. v. Commissioner*, T.C. Memo. 1985-80. This case was decided under the analogous provisions of Rule 82 relating to a deposition to perpetuate testimony prior to commencement of a case. Since the hearing on petitioner's motion and receipt of the parties' written memorandums, this Court has decided *Reed v. Commissioner*, 90 T.C. 698 (1988), in which the taxpayers requested to depose two individuals to perpetuate testimony in anticipation of filing a petition with this Court pursuant to Rule 82. We denied the taxpayers' application to depose the two individuals, stating in part: "Almost all of the cases interpreting rule 27(a), Fed. R. Civ. P. [including *Texaco, Inc. v. Borda*, 383 F.2d 607 (3d Cir. 1967)], or Rule 82, require the applicant to show that the deponent is likely to be unavailable to testify at trial." [90 T.C. at 700.]

We have found only one reported case in which we have considered an application under Rule 81 to take a deposition in a case pending in this Court by a person who desires to perpetuate his own or the testimony of another person (*Gauthier v. Commissioner*, 62 T.C. 245 (1974)), which is decided in part on grounds of lack of "substantial risk." In *Gauthier v. Commissioner, supra,* we denied an application filed March 21, 1974, for the pretrial deposition of an Internal Revenue Agent because it would be in direct violation of Rule 81(a).[6] In our opinion, we stated, "Rule 81(a) limits the use of the deposition procedure in a pending case to the perpetuation of testimony and * * * also provides that depositions shall be taken only where there is a substantial risk that the person * * * involved will not be available at the trial of the case." *Gauthier v. Commissioner, supra* at 246.

Petitioner has failed to show that there is a substantial risk that Mr. Manning will not be available for trial, as required by Rule 81. All petitioner has shown is that Mr. Manning *might* not be available because of an accidental death or injury due to his participation in what petitioner considers "very hazardous sports." To us, Mr. Manning was a healthy and intelligent man. He appeared to be, and testified that he was, physically fit. Mr. Manning described his sporting activities in matter of fact terms as would anyone describing sporting activities in which many other healthy young people engage. He did not impress us as one wildly engaging in pursuits so daring that others would believe he was willingly playing Russian roulette. Petitioner's application for order to take deposition as amended, will be denied.

*An appropriate order will be issued.*

---

[6]Rule 81(a), as in effect since Jan. 1, 1974, pursuant to the new Tax Court Rules of Practice and Procedure, promulgated on that date, is unchanged in our present Rules.