JOHN A. MASEK, APPLICANT *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4-88-D.          Filed December 22, 1988.

*Roger A. Pies, Henry G. Zapruder,* and *John A. McLees,* for the applicant.

*Richard D. D'Estrada,* for the respondent.

*Vincent J. Fuller* and *James T. Fuller III,* for deponents.

## OPINION

NIMS, *Chief Judge:* This case was assigned to Special Trial Judge Carleton D. Powell pursuant to the provisions of section 7456(d) (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rule 180 et seq.[1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

POWELL, *Special Trial Judge:* This case is before this Court on the application of John Masek (applicant) to take the depositions of Marvin Davis and Gordon Kalt (deponents). The applicant has no current petition for a redetermination of deficiencies before the Court, and the application is filed under Rule 82. Respondent does not oppose the application; both deponents, however, object.

The application recites the following: Applicant is currently under investigation by respondent for the taxable years 1976 through 1982 and cannot bring a case in this Court because respondent has not issued a statutory notice of deficiency. Applicant has been advised, however, that respondent's position is that applicant had approximately $9.7 million in unreported income (referred to as offshore income), and applicant expects to challenge the proposed determination in a proceeding to be brought in this Court. The dispute with respondent focuses upon whether applicant received income from the Crude Co. (company). Deponents and applicant were shareholders in the company and related entities. Applicant alleges that the financial

---

[1]Unless otherwise noted, all Rule references are to the Tax Court Rules of Practice and Procedure.

records of the company and related entities are under the deponents' control, and applicant "does not have the power to examine the records in order to prepare his case." Applicant further alleges that the trial in this case would be "several" years in the future and "there is a probability that records that are now currently available will be lost, misplaced or destroyed" and that the testimony of the deponents "may be lost for reasons of health or simply because of the passage of time." It is alleged that Mr. Davis is 62 years old. In addition to the records, applicant seeks testimony concerning:

(1) The extent of Deponents' knowledge of and participation in any of the transactions that resulted in the Offshore Income;

(2) The extent of Deponents' knowledge of and participation in the Company's receipts of funds representing the Offshore Income;

(3) The extent of Deponents' knowledge of and participation in the Regal transaction;

(4) Deponents' knowledge of and relationship to the following entities—

Rockford Resources
MAPCO
H.C. Iran
Peak Petroleum Corp.
Salamander Ltd.
Powder River Pipeline
Pefrek
Good Hope Corp.
Southern Transporation Co.
Commodity Analysts Ltd.
Prescott Trading Ltd.
Uni Oil Co.
Summit Gas Co.
International Petroleum Transporation Co.

(e) The extent to which Deponents received, directly or indirectly, any benefit from the Offshore Income.

Deponents' objection is based on their contention that the application does not meet the requirements of Rule 82. Messrs. Davis and Kalt submitted affidavits in which it is stated that Mr. Davis is 62 years old and has been advised by his doctor that there are "no medical conditions that would render [him] unable to testify in the foreseeable future" and that Mr. Kalt is 69 years old and in "good health."

Rule 82 provides for the taking of depositions prior to the commencement of a case "to perpetuate * * * [the applicant's] testimony or that of another person or to preserve any document or thing regarding any matter that may be cognizable in this Court." Rule 82 is derived from rule 27(a) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), and we are guided by judicial interpretation of rule 27 in the absence of our own precedent. See *Reed v. Commissioner,* 90 T.C. 698, 700 (1988). An application under Rule 82 must show:

(1) The facts showing that the applicant expects to be a party to a case cognizable in this Court but is at present unable to bring it or cause it to be brought.

(2) The subject matter of the expected action and his interest therein.

(3) All matters required to be shown in an application under paragraph (b)(1) of Rule 81 except item (viii) thereof.

Rule 81(b)(1), as is relevant here, requires the applicant to show the reason for deposing a person rather than waiting to call him as a witness and the substance of the testimony that the applicant expects to elicit. Rule 82 further provides that "If the Court is satisfied that the perpetuation of the testimony or the preservation of the document or thing may prevent a failure or delay of justice, it will make an order authorizing the deposition."

The parties here have focused primarily on the need for taking the depositions. In *Reed v. Commissioner, supra* at 701, we stated that Rule 82 "requires that the applicant show that the testimony will, in all probability, be lost before trial." In so doing, we rejected the test espoused that the applicant need only show that there was an expected action and that the applicant could not bring an immediate action. Cf. *In re Hawkins,* an unreported case (D. Me. 1973, 32 AFTR 2d 73-5120, 73-2 USTC par. 9483); 4 Moore's Federal Practice, par. 27.09 (2d ed. 1987). In the case before us, applicant urges that he has satisfied the *Reed* test, or, in the event that he has not, that we adopt a narrow view of *Reed.* Deponents, of course, dispute that applicant has made the showing required by *Reed.* Applicant rejoins that, if, as here, the parties to the anticipated action agree, a third party should not be heard to complain of defects in the application.

In the circumstances here, we do not find it necessary to decide the scope of the rights of a nonparty witness to object to an application under Rule 82. Compare, however, Rules 74(c) and 75(d). This Court promulgates its Rules and has the inherent authority to protect the integrity of its Rules, regardless of a lack of an objection by a party. Notes of Advisory Committee on Rules, 1983 Amendment to Rule 26. See also *ACF Industries Inc. v. EEOC,* 439 U.S. 1081 (1979) (Powell, J., joined by Stewart and Rehnquist, JJ., dissenting from denial of certiorari). Thus, if there is an abuse of the processes under our Rules, we may not close our eyes to that abuse even though there is no objection by a party. With this principle in mind, we turn to the dispute before us.

Our Rules provide for depositions in pending cases for discovery (see Rules 74, 75, 81) and to perpetuate testimony before commencement of a case (Rule 82). An application under Rule 82 (or rule 27, Fed. R. Civ. P.), however, is improper, if the purpose is discovery, rather than perpetuation of testimony. 4 Moore's Federal Practice, par. 27.07[3] (2d ed. 1987); "Annotated Right to Perpetuation of Testimony Under Rule 27 of Federal Rules of Civil Procedure," 60 A.L.R. Fed. 927, 937 (1981). Indeed, both Rule 82 and rule 27, Fed. R. Civ. P., provide that an applicant show the facts or substance of testimony that he expects to elicit and to show a need to perpetuate testimony. See also *Arizona v. California,* 292 U.S. 341, 347-348 (1934).

The answer to the question whether the purpose for the application is perpetuation or discovery of testimony may be difficult because in many cases there may be elements of both present. On one hand, we have the case where a party desires to perpetuate his or her testimony. Assuming that the other requirements of Rule 82 (or rule 27) are satisfied, there is little chance of an abuse of a court's process by a party using the process of perpetuation for discovery. At the other extreme is the situation of a terminally ill third-party witness who a prospective party knows has knowledge of a transaction but may not know the details of that knowledge. There is admittedly an element of discovery, but, at the same time, the ends of justice may be better served by the perpetuation of the testimony that would

otherwise be lost. Cf. *DeWagenknecht v. Stinnes,* 243 F.2d 413 (D.C. Cir. 1957), with *DeWagenknecht v. Stinnes,* 250 F.2d 414 (D.C. Cir. 1957). Thus, the greater the danger that the testimony will be lost, the lesser the chance of an abuse of the court's process.

Turning to the application in this case, it is clear that there is more than a trace of discovery. Applicant states that he wants to depose the deponents to determine "the extent of Deponents' knowledge of and participation in" various transactions. Furthermore, it is clear that the deponents have interests that, at least in the parties' current views, are adverse to those of the applicant, and they have been reluctant to discuss these matters with the applicant.

On the other end of the scale, while we recognize that all persons are mortal and to that extent there is always a danger that testimony may be lost, we are informed only that both deponents are sexagenarians. Surely, in this era of increased longevity, that age standing alone is not a sign of an imminent demise. Applicant has made vague suggestions concerning the precarious health of Mr. Davis, but a more concrete verification must be given to the Court, especially in light of that deponent's sworn statement that he is in good health. Compare *Ash v. Cort,* 512 F.2d 909 (3d Cir. 1975). In short, on the state of this record, applicant has not established a need to perpetuate these individuals' testimony, particularly in view of the patent discovery aspects of the application. See *Reed v. Commissioner, supra; Gale East, Inc. v. Commissioner,* T.C. Memo. 1985-80.

*An order denying the application will be entered.*