JOHN A. MASEK, APPLICANT *v.* COMMISSIONER OF INTERNAL REVENUE

Docket No. 4-88-D.          Filed April 17, 1989.

*Roger A. Pies, Henry G. Zapruder,* and *John A. McLees,* for the applicant.

*Richard D. D'Estrada,* for the respondent.

*Vincent J. Fuller* and *James T. Fuller III,* for the deponents.

### SUPPLEMENTAL OPINION

NIMS, *Chief Judge:* This case was assigned to Special Trial Judge Carleton D. Powell pursuant to the provisions of section 7456(d) (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rule 180 et seq.[1] The Court agrees with and adopts the supplemental opinion of the Special Trial Judge, which is set forth below.

---

[1]Unless otherwise noted, all Rule references are to the Tax Court Rules of Practice and Procedure.

## SUPPLEMENTAL OPINION OF THE SPECIAL TRIAL JUDGE

POWELL, *Special Trial Judge:* John Masek (applicant) has filed a motion for reconsideration of our opinion reported at 91 T.C. 1096 (filed December 22, 1988) and our denial of his application to perpetuate testimony. The gravamen of applicant's position, as we understand, is that, if an applicant shows the requisite need to perpetuate testimony, then the Court should not inquire into whether the perpetuation is for discovery purposes. But, the problem here is what standard should be applied to determine whether an applicant has established a "need" to perpetuate testimony. In our opinion we recognized that our perpetuation processes should not be abused by a party seeking discovery; we noted, however, that, if a prospective deponent were terminally ill, the discovery aspects of the application would not bar a deposition to perpetuate testimony. On the other hand, in *Reed v. Commissioner,* 90 T.C. 698 (1988), we rejected the test that the applicant must merely show that he is currently unable to commence an action. Applicant has specifically disavowed asking that *Reed* be reexamined.

While it may be difficult to enunciate a definitive standard to be applied, the focus is directed to the risk that the testimony will be unavailable when a trial commences, and the applicant must establish that that risk is significant. For the reasons we pointed out in our original opinion (91 T.C. at 1101), we held that the applicant here had not made such a showing. While we did express concern over the discovery aspects inherent in the application, we did not deny the application simply because of those aspects. Rather, the discovery aspects caused us to scrutinize carefully the applicant's need to perpetuate the testimony of these witnesses to protect the processes of this Court.

Applicant also contends that he has made the requisite showing of a substantial risk that the testimony will be unavailable because of the alleged poor health of Mr. Davis. But, beside counsel's statements and suggestions, there is not one shred of evidence in this record that Mr. Davis' health is seriously impaired. We realize that it may be difficult to obtain information about a person's health, but there are methods that can be used.

Finally, applicant contends that, in the alternative, we should grant the application as to those areas of which applicant "has personal knowledge." This ignores that we found that he had not satisfied the requirements of Rule 82.

*An order denying the motion will be issued.*