117 T.C. No. 1

UNITED STATES TAX COURT

GLAXOSMITHKLINE HOLDINGS (AMERICAS) INC., Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3-01-D.                    Filed July 5, 2001.

G and R (the applicants) filed a Joint Application to Perpetuate Testimony Before Commencement of a Case (joint application) pursuant to Rule 82, Tax Court Rules of Practice and Procedure. The applicants propose to take the depositions of two of G's former executives, both of whom are septuagenarians, and both of whom reside in the United Kingdom. The applicants agree that R is not likely to issue a notice of deficiency to G in the near future, that the testimony of the proposed deponents is critical to G's issues under examination, and that a trial is likely but not until 2005 or 2006.

Held: Because there is a reasonable expectation that the applicants will be adversaries in an action cognizable in this Court, and there is a significant risk that critical testimony will be unavailable when a trial, if any, is commenced, the applicants' joint application will be granted.

John B. Magee and Richard C. Stark, for petitioner.

Theodore J. Kletnick, for respondent.


OPINION

WELLS, Chief Judge:  This matter is before the Court on a Joint Application to Perpetuate Testimony Before Commencement of a Case (joint application), filed May 7, 2001.  Unless otherwise indicated, section references are to sections of the Internal Revenue Code, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

GlaxoSmithKline Holdings (Americas), Inc. (Glaxo), and the Commissioner of Internal Revenue (the Commissioner) filed a joint application, pursuant to Rule 82, to take the depositions of two of Glaxo's former executives.  For convenience, we will refer to Glaxo and the Commissioner, collectively, as the applicants. Glaxo has no current petition for redetermination of deficiencies before the Court.

## Background

Glaxo is a holding company for a global pharmaceutical business headquartered in the United Kingdom.  In 1992, the Commissioner began an examination of Glaxo's tax returns for 1989 and 1990.  The Glaxo examination currently encompasses Glaxo's tax returns for the years 1989 through 1999.

Glaxo disagrees with the Commissioner's proposal to increase Glaxo's taxable income pursuant to section 482 for the years under examination. Since 1994, the applicants have attempted to resolve their differences through the Advance Pricing Agreement Program and through the Internal Revenue Service's Office of Appeals.

In December 1999, Glaxo formally requested relief from double taxation for the taxable years 1989 through 1997 under the mutual agreement procedures (or so-called competent authority process) provided in article 25 of the Convention for the Avoidance of Double Taxation, Dec. 31, 1975, U.S.-U.K., 31 U.S.T. 5668, 5688, as amended by Second Protocol, Apr. 25, 1980, 31 U.S.T. 5707, 5708. The applicants anticipate that the competent authority process could be protracted.

The Commissioner has not issued a notice of deficiency to Glaxo for the years under examination. Because of their commitment to the competent authority process, the applicants do not anticipate that the Commissioner will issue a notice of deficiency to Glaxo in the near future. Assuming that the Commissioner issues a notice of deficiency to Glaxo, the applicants expect that the matter will proceed to trial but not until 2005 or 2006.

The applicants seek permission to take the depositions of Sir Paul Girolami (Mr. Girolami) and Sir David Jack (Mr. Jack),

former Glaxo executives. Messrs. Girolami and Jack reside in the United Kingdom. Mr. Girolami, presently 75 years of age, served as Glaxo's controller, finance director, chief executive, and chairman of worldwide operations, during the period 1966 through 1994. Mr. Jack, presently 77 years of age, served vital roles in Glaxo's research and development efforts during the period 1961 through 1987. The applicants agree that Messrs. Girolami's and Jack's testimony will be critical to the resolution of the section 482 adjustments that the Commissioner has proposed for the years under examination.

Citing Messrs. Girolami's and Jack's advanced ages, the importance of their testimony, their foreign residences, and the substantial delay anticipated in any trial, the applicants contend that, to prevent a failure of justice, the Court should issue an order authorizing Messrs. Girolami's and Jack's depositions for the purpose of perpetuating their testimony. The applicants report that Messrs. Girolami and Jack consent to the granting of the joint application.

The applicants expect to conduct the proposed depositions at the offices of Glaxo's counsel in Washington, D.C., so long as Messrs. Girolami and Jack are capable of traveling to the United States. The joint application includes a description of the substance of the testimony that the applicants expect to elicit from the proposed deponents. The joint application states that

the proposed depositions will be videotaped and that the applicants agree to begin Mr. Girolami's deposition on or about May 14, 2002, and Mr. Jack's deposition on or about June 4, 2002. The applicants have further agreed to a so-called discovery schedule to permit the Commissioner to make reasonable requests for information from Glaxo, consult with experts, and make further preparations in advance of the proposed depositions.

This matter was called for hearing at the Court's motions session held in Washington, D.C. Counsel for both parties appeared at the hearing and offered argument in support of the joint application. Glaxo filed a Rule 50(c) statement indicating that: (1) Actuarial studies suggest that there is an approximately 40-percent probability that Mr. Girolami will not survive to the end of 2006 and an approximately 50-percent probability that Mr. Jack will not survive to the end of 2006; and (2) health and aging studies suggest that, even if they do survive to the end of 2006, there would be a significant likelihood that they would be suffering from substantial memory lapses or other forms of mental impairment at that time.

## Discussion

Rule 82 provides for the taking of depositions before the commencement of a Tax Court case "to perpetuate testimony or to preserve any document or thing regarding any matter that may be cognizable in this Court". Rule 82 is derived from rule 27(a) of

the Federal Rules of Civil Procedure, and we are guided by judicial interpretations of Fed. R. Civ. P. 27 in the absence of our own precedent.  See Reed v. Commissioner, 90 T.C. 698, 700 (1988).

Rule 82 states that an application must show:  (1) The facts showing that the applicant expects to be a party to a case cognizable in this Court but is at present unable to bring it or cause it to be brought; (2) the subject matter of the expected action and the applicant's interest therein; and (3) all matters required to be shown in an application under paragraph (b)(1) of Rule 81 except item (H) thereof.  Rule 81(b)(1), as is relevant here, requires the applicant to show the reason for deposing a person rather than waiting to call the person as a witness at trial and the substance of the testimony that the applicant expects to elicit.  Rule 82 further provides:

> If the Court is satisfied that the perpetuation of the testimony or the preservation of the document or thing may prevent a failure or delay of justice, then it will make an order authorizing the deposition and including such other terms and conditions as it may deem appropriate consistently with these Rules. * * *

The instant application states that the applicants expect to be adversaries in a case cognizable in this Court and that the case will likely concern, among other items, adjustments to Glaxo's taxable income pursuant to section 482.  Although the Commissioner has not issued a notice of deficiency to Glaxo, and, therefore, Glaxo presently is unable to file a petition with the

Court, we are satisfied that it is likely that the dispute between Glaxo and the Commissioner over the Commissioner's adjustments to Glaxo's tax returns will proceed to litigation. See DeWagenknecht v. Stinnes, 250 F.2d 414, 417 (D.C. Cir. 1957).

The central question posed in the instant application is whether the perpetuation of the proposed deponents' testimony may prevent a failure or delay of justice. Although no objection to the proposed depositions has been made, this Court has the inherent authority to protect the integrity of its Rules regardless of an objection by a party. See Masek v. Commissioner, 91 T.C. 1096, 1100 (1988), supplemented by 92 T.C. 814 (1989). Accordingly, we will briefly review relevant caselaw regarding Rule 82.

In Reed v. Commissioner, supra, we held that the mere showing that an applicant is currently unable to commence an action in the Tax Court is insufficient to justify granting an application under Rule 82. In denying the application in that case, we stated in pertinent part: "The relief provided for by Rule 82 is an extraordinary measure and invoked only to prevent the failure or delay of justice. We will continue to apply the test * * * which requires that the applicant show that the testimony will, in all probability, be lost before trial." Id. at 701.

In Masek v. Commissioner, supra, the applicant/taxpayer

sought to take the depositions of two third-party witnesses. The two witnesses were 62 and 69 years of age, respectively. Upon review of the application, we explained that the procedure under Rule 82 was not intended to be used as a discovery device. See Ash v. Cort, 512 F.2d 909, 911 (3d Cir. 1975). We also stated that, where an application under Rule 82 suggests that the proposed deposition might be used for discovery purposes, our decision whether to grant such an application will turn on a weighing of the discovery aspects of the deposition against the applicant's need to perpetuate testimony. See Masek v. Commissioner, 91 T.C. at 1100. In denying the application in that case, we concluded that the proposed depositions of third-party witnesses reflected "more than a trace of discovery" and the applicant/taxpayer had not shown (through medical records or otherwise) that the proposed deponents' testimony would likely be lost before trial. Id. at 1100-1101.

In our Supplemental Opinion, Masek v. Commissioner, 92 T.C. 814 (1989), we denied the applicant/taxpayer's motion to reconsider our earlier opinion, stating that our focus under Rule 82 "is directed to the risk that the testimony will be unavailable when a trial commences, and the applicant must establish that that risk is significant." Id. at 815.

With the foregoing as background, we consider the instant application. As previously discussed, the application states facts showing that the applicants reasonably expect to be adversaries in an action cognizable in this Court. Because the matter involves a complex examination concerning numerous issues, the issuance of a notice of deficiency to Glaxo will be delayed, and the case is not likely to go to trial until 2005 or 2006. Against this backdrop, we note that the proposed deponents, Messrs. Girolami and Jack, are both residents of the United Kingdom. Mr. Girolami is presently 75 years of age, and Mr. Jack is presently 77 years of age. The applicants agree that the proposed deponents' testimony will be critical to the issue of Glaxo's policies concerning intercompany transfer pricing during the years under examination.

There is no evidence that either of the proposed deponents is presently ill or otherwise suffering from a chronic medical condition, see Masek v. Commissioner, 91 T.C. at 1100-1101; however, other factors support the proposition that there is a significant likelihood that the proposed deponents' testimony will be unavailable when a trial commences in this matter. In particular, the proposed deponents' advanced ages, their residences abroad, and the potential for substantial delay in a trial of the Federal tax issues presented in the examination of Glaxo's 1989 through 1999 tax returns are all factors which

suggest that there is a high probability that critical testimony will be lost.

There is no indication that the applicants are attempting to use the proposed depositions as a discovery device.  Although the applicants have agreed that the Commissioner will be given an opportunity to request information from Glaxo in order to prepare for the depositions, such an exchange of information in advance of the depositions is perfectly understandable given the complexity and magnitude of the examination.

The circumstances presented in the instant application are somewhat analogous to those presented in Texaco, Inc. v. Borda, 383 F.2d 607 (3d Cir. 1967), where Borda brought a civil antitrust suit against Texaco which was stayed pending the determination of a criminal action in which Texaco was named as a coconspirator.  The District Court had denied Texaco's application to take Borda's deposition in advance of the trial in the civil case.  On appeal, the Court of Appeals for the Third Circuit held that the District Court had erred in denying Texaco's application to take Borda's deposition, considering that Borda was 71 at the time, the events underlying the civil action dated back some 11 years, and the trial of the matter would not be conducted in the foreseeable future.  Cf. DeWagenknecht v. Stinnes, supra (application to take deposition to perpetuate testimony of witness 74 years of age was granted where claimant

was unable to bring action immediately and claim concerned events and transactions which had taken place many years earlier).

In sum, the application shows that there is a reasonable expectation that the applicants will be adversaries in an action cognizable in the Court and there is a significant risk that critical testimony may be lost over the next several years because of Messrs. Girolami's and Jack's advanced ages. Consistent with the preceding discussion, and with the intention of preventing a failure of justice in this matter, we will grant the applicants' Joint Application to Perpetuate Testimony Before Commencement of a Case, with appropriate terms and conditions to be set forth in our order. Insofar as the applicants request that we include a discovery schedule in our order, we deny the request.

To reflect the foregoing,

<u>An order will be issued granting the applicants' Joint Application to Perpetuate Testimony Before Commencement of a Case</u>.